(February 18, 1884.)

## JONES v. ST. JOHN IRRIGATING COMPANY.

[3 Pac. 1.]

APPEAL—JUDGMENT-ROLL—BILL OF EXCEPTIONS.—On appeal from a judgment without a statement or bill of exceptions, nothing belongs to the record except the judgment-roll, and no question arising outside the roll can be considered. The mode of presenting questions not arising on the judgment-roll for review on appeal is by statement or bill of exceptions.

REVERSIBLE ERROR—PARTIES.—On appeal, this court can only notice the errors committed against the appellant, not those committed against the successful party.

(Syllabus by the court.)

APPEAL from District Court, Oneida County. Affirmed.

Heed & Standrod and James L. Onderdonk, for Appellant.

Plaintiff was entitled to judgment upon the pleadings, as the answer is evasive and raised no issue. (Code Civ. Proc.,

Opinion of the Court—Prickett, J.

sec. 237, subd. 2, sec. 259; *Higgins v. Wortell,* 18 Cal. 330; *Fitch v. Bunch,* 30 Cal. 208; *Kuhland v. Sedgwick,* 17 Cal. 123; *Doll v. Good,* 38 Cal. 287; *Norris v. Glenn,* 1 Idaho, 590.) No proof of damages was required as no issue was made upon that point. Defendant undertakes to deny the character of the act, and does not deny the act itself. Such denials have always been held to be bad. (*Patterson v. Ely,* 19 Cal. 28; *Huston v. Twin etc. T. R. Co.,* 45 Cal. 550; *Feely v. Shirley,* 43 Cal. 369; *Lay v. Neville,* 25 Cal. 546; *Blackman v. Vallejo,* 15 Cal. 638; *Woodworth v. Knowlton,* 22 Cal. 169.)

Smith & McCollum, for Respondent.

This is an action for the recovery of money, purely, and the judgment being for less than one hundred dollars, the court below was prohibited from allowing costs to either party. (See Code Civ. Proc., sec. 696. Also *Britton v. Wright,* 1 G. Greene (Iowa), 426. Also *Rathbone v. McConnell,* 21 N. Y. 467.) This error can be corrected here and the judgment so modified as to deny costs allowed to appellant, and this it is the duty of this court to do. (See *Union Water Co. v. Murphy's Flat Fluming Co.,* 22 Cal. 260. Also *Love v. Shartzer,* 31 Cal. 487. Also *Atherton v. Fowler,* 46 Cal. 320)

PRICKETT, J.—This action was commenced in the district court of Oneida county, by the filing of a complaint therein September 12, 1883. The object of the action was to recover, as damages, the sum of $1,000, alleged to have been sustained by the plaintiff by reason of the diversion by defendant of water from plaintiff's premises, to which he alleges he was entitled for irrigation. The amended answer of the defendant denies that it at any time diverted any water from the stream named to which plaintiff was entitled, and denies that plaintiff has been injured by the defendant in the sum of $1,000, or any other sum whatever. Upon the issues made by the complaint and amended answer the cause was tried by jury, and a verdict and judgment were rendered for plaintiff for the sum of fifty dollars. A question having arisen in the court below, as to whether the plaintiff was entitled to recover his costs, upon a verdict for less than $100, under the statutes, the court below

awarded the plaintiff his costs. The plaintiff appealed from the judgment.

A paper, purporting to be a bill of exceptions, has been stricken out of the transcript, on motion, because it was not settled and filed in the mode prescribed by the statute, and the case now stands for review on the judgment-roll alone. On an appeal from a judgment without a statement or bill of exceptions nothing belongs to the record except the judgment-roll, and no question arising outside the judgment-roll can be considered. The mode of presenting questions not arising on the judgment-roll, for review on appeal, is by statement or bill of exceptions, properly settled, signed, and filed.

It is urged by the appellant's counsel that, though the court has stricken out the bill of exceptions, the chief question in dispute can be reviewed upon the record as it still stands; that there is no issue formed by the complaint and amended answer; that the amended answer is evasive; and that the plaintiff was entitled to judgment on the pleadings in the court below. But we think the denials of diversion by the defendant, and of damages sustained by the plaintiff, do certainly raise material issue between the parties to the action.

Another point made by the appellant's counsel is that the amended answer, after filing and verification, was again amended by striking out certain matter, and that, after being so reamended, it was never verified, and that it thus became an unverified answer to a verified complaint, and for that reason should not be considered as an answer at all. But these objections do not appear upon the face of the judgment-roll, and, if they existed, should have been brought into the record by the proper objections and bill of exceptions.

On the part of the respondent it is urged that, under our statutes, in an action for damages, where the plaintiff recovers less than $100, he is not entitled to costs, and that the allowance of costs to the plaintiff by the district court was error, which can and should be corrected here; but, on appeal, this court can only notice the errors committed against the appellant, not those committed against the successful party, or the respondent in the appeal. (*Seaward v. Malotte*, 15 Cal. 304;

*Travers v. Crane,* 15 Cal. 12; *Stevenson v. Smith,* 28 Cal. 102, 87 Am. Dec. 107.)

The judgment is affirmed.

Morgan, C. J., and Buck, J., concurred.