G. W. BETZ, Respondent, v. PEOPLES' BUILDING, LOAN & SAVING ASS'N, Appellant.

APPEAL—REVIEW.

Where plaintiff does not appeal, he can not obtain a review of a ruling of the court against him, though he excepted to it when the ruling was made.

Decided June 22, 1901.

On rehearing. For former opinion, see 22 Utah 149, 61 Pac. 334.

BASKIN, J.—At a former hearing of this case the judgment was reversed, and a new trial ordered, on the ground that the twelfth finding of fact was erroneous. On motion of respondent, a rehearing was granted. Upon a review of the case, we are satisfied that said finding was not warranted by the evidence admitted in relation thereto. Exhibit B, referred to in the former opinion, and which was introduced by plaintiff, in connection with the evidence of Whitney shows that twenty-three per cent. of a loss was sustained by the defendant company, and distributed among the stockholders. The testimony of Whitney respecting this loss was admitted over the objections of the plaintiff. Plaintiff's counsel assert that: "If this evidence is competent, we do not desire to litigate this question further, but submit now and here to the judgment of this court distributing that loss testified to by Mr. Whitney,

against the stock of respondent. It is manifestly unjust to respondent here to send this case back to determine a question like that, since we accept the statement of twenty-three per cent. of loss, if this testimony is competent." As the plaintiff has not appealed, he "can not obtain a review of a ruling of the court against him, although he accepted to it when the ruling was made." Dougherty v. Henasie, 47 Cal. 9; McCloud v. O'Neall, 16 Cal. 393-398; Jackson v. Water Co., 14 Cal. 19; Winters v. Swift, 2 Idaho 60, 3 Pac. 15. The reason of the rule is well stated by Justice Field in McCloud v. O'Neall, supra, as follows: "If the district court had held the witnesses Kelty and Reynolds incompetent by reason of interest, the defendant might have offered evidence to the same effect or their competency might, perhaps, have been immediately restored by the execution of proper releases. The rule for which the appellant contends would work great injustice in its application. A party failing to produce evidence in his possession, because of the ruling of the court upon the admissibility of that already given, would often find that he had lost the case from a subsequent change of the views of the court, without any fault of his own." As this is an action at law, we cannot correct the erroneous finding or make original findings. The erroneous finding entitles the appellant to a reversal of the judgment, and as the action of the court in admitting the testimony of White, excepted to by plaintiff, cannot be passed upon on the appeal by the defendant, a new trial must be granted. As the evidence fails to satisfactorily show that article 37 of the by-laws was lawfully enacted, we refrain from deciding whether or not it would have been legal had it been shown that it was properly enacted. We will not change the judgment rendered on the former hearing.

*Miner, C. J.,* and *Bartch, J.,* concur.