.NO. 8478

COURT OF APPEAL

PARISH OF ORLEANS.

———

MARY BENJAMIN, widow of

LEVI BROWDER

versus

STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT.

————————

Court of Appeal
PARISH OF ORLEANS
FILED MAR 27-22
Stanbury

——————

ON REHEARING.

Concurring opinion of Charles F. Claiborne, Judge.

Under the Employers' Liability Act, there are two classes of occupations that are protected. They are those that are denominated as "hazardous" in Section 1, p. 2 (a) of the Act; and those that are made so by agreement of the parties or by judgment of a Court, in both cases, prior to the accident. 1 Court of Appeal, 360, Dejan vs. Ujffy and Anderson vs. Tharp No 7373 Ct App

The law never intended to protect employer or employe in an occupation not hazardous, because, in the absence of danger, they needed no protection.

It is admitted that the plaintiff who worked in a handmade cigar factory, was not employed in any of the hazardous occupations denominated in Section 1, p. 2 (a) of the Employers' Liability Act of 1914.

Nor is it contended that her occupation was a "hazardous "one" other than those mentioned in said section as provided in p. 3 of said Section 1, for there was no judgment of Court rendered prior to the accident nor any agreement" between her and her employer as provided by p. 4, nor But it is argued that the plaintiff by "express or implied" agreement between herself and her employer has placed herself under

the provisions of said Act according to Section 3 p. 1, namely: the "express or implied" agreement resulting from the fact that the employer had posted in his premises the notices required by Section 12 of said Act.

There is nothing in the law that constitutes this notice an agreement between the parties. The notice has another object in view. It takes the consent of both parties to make a contract. It is not in the power of the employer to abridge his own liability nor the rights of his employee by posting such a notice. It has been held that a lessor cannot recover an increased rent, which he notifies his lessee he will demand if he holds over, unless the lessee consents to such increase.

6 Martin 275; 2 La. 157; 6 Ann. 450; 11 Ann. 253+477; 51 Ann. 77.

It is contended, however, that such "express or implied" agreement results from the provisions of Section 3 p. 1 of said Act which reads as follows:

"Section 3 P. 1. "Be it further enacted, etc. That this Act, except Sections 4 and 5, relating to defenses, shall not apply to any employer or employee engaged in the trades, businesses, and occupations specified in paragraph 2 Section 1, nor to those that may be determined to be hazardous under the operation of paragraph 3 of Section 1, unless, prior to the injury, they shall have so elected by agreement, either express or implied, as hereinafter provided."

It is evident, as provided by the very words of the law, that this section relates to the relations of employer and employee in "hazardous" "occupations" hereinafter provided" in ps. 2 and to 6, and not to the non-hazardous occupations mentioned in the "prior ps. 3.

Section 2 p. 3 page 47 provides: Every contract of hiring, verbal, written or implied, between any employer or employee engaged in the trades, businesses, or occupations

141

specified in paragraph 2 of Section 1, or engaged in the trades,
businesses or occupations that may be determined to be hazardous
under the operation of paragraph 3 of Section 1, made subsequent
to the time provided for this act to take effect, shall be pre-
sumed to have been made subject to the provisions of this Act,
unless there be as a part of said contract an express statement
in writing not less than thirty days prior to the accident,
either in the contract itself or by written notice by either
party to the other, that the provisions of this Act other
than Sections 4 and 5 are not intended to apply, and it shall
be presumed that the parties have elected to be subject to
the provisions of this Act and to be bound thereby.. #

   The "express" agreement mentioned in Section 3 p. 1,
is the repudiation "in writing" of the Act; and the "implied"
agreement is the silence of employer or employee, by which it
is "presumed that the parties have elected to be subject to be
bound thereby."

   But it is impossible to escape from the clear and
unambiguous language of p. 4 of Section 1, page 46 that the
only way in which an employer or an employee enegaged in an oc-
cupation not specified as "hazardous" by the Act itself, nor
adjudged to be so by a judgment of the Court prior to the ac-
cident, can come under the operation of this Act is, in the language
of the law, for them "prior to the accident to voluntarily con-
tract, in writing, to come under the benefit and protection of
the provisions of this Act with the same force and effect as
though they had been specifically included instead of
omitted."

   It is conceded in this case that plaintiff's employ-
ment was not hazardous;  it is not contended that a judgment of
Court declared it to be hazardous, nor that the plaintiff and
defendant "voluntarily contracted in writing to come under the
benefit and protection of said act; therefore she cannot re-
cover, and there must be judgment for defendants.