503 So.2d 1380 (1987)
Naomi GIGLIO, As Personal Representative of the Estate of Joseph Bartow Giglio, a/k/a Guiseppe Giglia, Deceased, Appellant,
v.
Frank A. WEANER, Appellee.
No. 86-898.
District Court of Appeal of Florida, Second District.
March 18, 1987.
*1381 Frances Makemie Toole of Bush, Ross, Gardner, Warren & Rudy, Tampa, for appellant.
T. Paine Kelly, Jr., and Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
SCHEB, Acting Chief Judge.
The trial court awarded the plaintiff, Naomi Giglio, as personal representative, $30,000 principal, $2,100 attorney's fees, and $78.50 costs in her action on the defendant's promissory note. The plaintiff appeals contending the court erred in (1) not awarding her interest from the date of maturity of the non-interest bearing note and (2) limiting her entitlement to attorney's fees to those incurred prior to the defendant's first offer of judgment. We reject the plaintiff's arguments.
On the first point: plaintiff argues that even though the promissory note contained no express provision as to payment of interest after maturity, the statutory rate of 12% is applicable for the period from maturity until final judgment. Since the defendant had the benefit of the funds advanced by the plaintiff's decedent beyond the agreed time, plaintiff argues the defendant should pay interest after the due date of the note. She supports her argument on the rationale of Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Argonaut allowed prejudgment interest as an element of pecuniary damages where the plaintiff's damages were liquidated as of a date certain. In Argonaut, however, the court referred to its holding being applicable "absent a controlling contractual provision." Argonaut 474 So.2d at 215. In the case before us, the defendant's note bore the following legend: "This note shall not bear interest." Under these circumstances we hold that the note will not support the award of prejudgment interest. See Lattin v. La France, 475 So.2d 299 (Fla. 4th DCA 1985).
On the second point: plaintiff's demand for attorney's fees was based on a provision in the note requiring payment of all costs including attorney's fees incurred in collecting or enforcing payment of the note. In awarding attorney's fees in the amount of $2,100 the trial court specifically limited the fees to those incurred prior to a first offer of judgment by the defendant which was filed on May 31, 1985 in the amount of $33,000. The principal amount of the promissory note was $30,000. On May 16, 1985 the Plaintiff had filed a motion for summary judgment, attaching thereto an attorney fee affidavit indicating reasonable attorney's fees for the plaintiff in connection with the suit were $3,000. Hence, the offer of judgment was sufficient to cover the principal amount claimed due under the note and the amount of attorney's fees sought by the plaintiff.
The plaintiff did not accept the offer and since the trial court correctly held plaintiff was not entitled to interest after maturity of the non-interest bearing note, plaintiff failed to obtain a judgment more favorable than the offer. Nevertheless, she contends that the court erred in limiting plaintiff's attorney's fees to those incurred up to the date of the offer.
Florida Rule of Civil Procedure 1.442 states:
An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.
Here the element of attorney's fees was based on a contract between the parties and, as such, was an element of damages. See Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192 (Fla. 2d DCA 1976). Thus, the plaintiff argues that the attorney's fees were not part of the plaintiff's costs and the trial court erred in limiting recovery of attorney's fees to those incurred prior to the offer of judgment. We disagree.
Counsel have not cited us to any controlling authorities in Florida and on this point we have found none. The purpose of the rule 1.442 is to encourage settlements and *1382 eliminate trials wherever possible. Thus the supreme court recently stated, "To award attorney's fees and costs when judgment is won, without reference to earlier, bona fide good faith offers to settle the claim, allows the plaintiff a free throw of the dice in an attempt to squeeze the last penny out of the claim." C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985).
We conclude that where, as here, a judgment includes attorney's fees awarded pursuant to a contract, the trial court is proper in excluding that part of the entitlement to attorney's fees which represents fees for services performed after rejection of a bona fide offer made pursuant to rule 1.442. Our ruling clearly promotes the purpose and policy behind the rule by encouraging settlement and discouraging unnecessary litigation. Moreover, in this case it reflects a judicial conclusion as to the reasonableness of the fees awarded, which we do not find was erroneous under the circumstances.
Affirmed.
LEHAN and SANDERLIN, JJ., concur.