WIGGINTON, Judge.
Appellant appeals that portion of a final judgment awarding money damages to ap-pellee in the amount of $16,159.40 plus $4,850.82 in interest. We reverse and remand for reconsideration of the damage award.
Appellee brought this suit seeking damages for appellant’s failure to pay appellee in full for a road constructed by appellee for appellant pursuant to contract. The parties do not challenge the trial court’s finding that the total contract price was $83,954.74. The parties have not appealed the court’s finding that appellee substantially performed under the contract but its failure in part to prepare properly the base underlying the road and to apply adequately a portion of the asphalt surface entitles appellant to a $32,146.90 setoff against the contract price. Appellant does appeal, however, the court’s determination that the setoff should be reduced by an amount fairly attributable to the benefit which appellant has received from the use of the completed, although defective, road from the time of substantial completion[1] to the date of the final judgment, a period of approximately two years. The court found that the use benefit received by appellant was worth $10,361.56 and that amount should be subtracted from the $32,146.90 setoff.
We agree with appellant that the trial court erred in allowing the above set-off for appellant’s use benefit against the uneontested $32,146.90 setoff for deficient workmanship. As stated in Oven Development Corporation v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973):
[Wjhere a building contractor has substantially performed the contract between the parties, he is entitled to be paid the full contract price agreed upon diminished only by the damages which the owner has suffered as a result of such breaches of the contract as may be established by competent evidence. The measure of damages [is] ... an amount equal to the difference between the value of the building as actually constructed and the value as it would have been if the building had been properly constructed strictly in accordance with the plans and specifications. (Emphasis supplied.)
Since the $83,954.74 contract price has not been disputed in this case nor has any issue on appeal been raised in regard to the $32,146.90 setoff in favor of appellant due to the defective workmanship on the road, the $51,807.84 adjusted contract price is not in dispute. Therefore, that adjusted contract price represents the fair value of the road which appellee constructed for appellant. The parties do not dispute that prior to this suit, appellant had paid appellee $46,000 on the contract. There is absolutely no legal basis for the $10,361.56 setoff granted by the trial court in favor of appel-lee for appellant’s use of the road for two years. The proper measure of appellee’s damages on this claim is the undisputed $51,807 adjusted contract price minus the $46,000 payment made by appellant which leaves a difference of $5,807 plus interest.
We are unable to determine at this point, however, that a judgment for $5,807 plus interest should have been entered against appellant since the trial judge did *90 not address specifically appellant’s claim for $9,300 in liquidated damages pursuant to the terms of the contract. According to findings of the court which have not been challenged on appeal, the date of substantial completion of the contract (July 17, 1985) was 93 days after the contract deadline (April 15, 1985). The contract provides for a $100 per day assessment of liquidated damages against appellee for each day that the completion date of the contract exceeded the contract deadline. Although the trial court stated that its method of assessing damages took into account the “respective claims of the parties and as such is fair and equitable,” we are unable to determine on review whether that language included the penalty claim. Therefore, on remand, the court should consider that claim.
Additionally, appellant has claimed that appellee owes appellant $311 for a testing fee incurred by appellant in having the road tested for deficiencies. Appellee admitted liability for that amount in its answer, but, again, the trial judge did not address that claim in his determination. Thus, on remand, the judge should also include consideration of that claim in his reassessment of damages.
The contract in question provided for attorney’s fees to be awarded to the “prevailing” party in any action taken on the contract. Upon remand, the trial court is directed to determine, after its reassessment of damages, the prevailing party and to award attorney’s fees, including appellate fees, accordingly.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and THOMPSON, JJ., concur.

. The court found the date of substantial completion to be July 17, 1985, and that finding has not been appealed. The contract completion date was April 15, 1985.