HARRIS, Judge.
On or about December 31, 1981 West Kennedy Apartments, Ltd. (W.K.A.) a Flor *1310 ida limited partnership, was formed to purchase, develop, construct and operate a HUD insured apartment complex. On May 28, 1982 W.K.A. entered into a Purchase and Development Agreement with CFW Construction Company, Inc. (CFW) as general partner and R, J & S Associates (R, J & S) as special limited partner.
The contract provided that CFW would receive the following fees:
Financing Fee — $83,877 cash at closing 50,000 on 9/15/84 33,877 on 9/15/85
These payments were conditioned only on CFW procurring acceptable financing. This was done.
Consultant fee — $33,000 upon final HUD endorsement 50,000 on 9/15/84 16,123 on 9/15/85
These payments were conditioned only on CFW making certain recommendations, evaluations and consultations on financial and administrative matters. These services were fully rendered.
Builders fee— $43,000 upon final HUD endorsement 43,000 on 9/15/84 93,750 on 9/15/85
These payments were subject to CFW delivering the project on a “turnkey basis ... constructed substantially in accordance with the contract drawings and specifications ... evidenced by the consummation of the HUD final endorsement.”
CFW obtained the HUD final endorsement on September 15, 1983, and W.K.A. took possession and started operation of the project. Shortly before the due dates of the deferred payments set out above, latent defects were discovered in some of the subfloors of the apartments. It is alleged that it was necessary to pull up carpets to repair the flooring caused by an improper cement mix which did not comply with HUD requirements in approximately 40 of the 90 apartment units. It is further alleged that it took over three years to remedy this problem.
Although all repairs were made at no cost to W.K.A., the deferred payments were withheld as follows:
PRINCIPAL AMOUNT DUE DATE DATE PAID
$43,750 9/15/84 2/28/86
50,000 9/15/84 3/11/85
50,000 9/15/84 3/11/85
93,750 9/15/85 1/15/88
33,877 9/15/85 1/15/88
16,123 9/15/85 1/15/88
W.K.A. contends that payment of these obligations was not required until all repairs were made since it was CFW’s obligation to deliver the project in substantial compliance with the drawings and specifications. CFW contends it met all of its obligations under the contract when it obtained HUD’s final endorsement.
CFW sued W.K.A., R, J & S and the various individual partners on the contract and on certain notes guaranteeing payment of the deferred fees. The trial court granted summary judgment in favor of CFW in the amount of $53,697.50 as prejudgment interest because of the late payments. We affirm in part and reverse in part.
First W.K.A. (and the other appellants) urge that interest was inappropriate because the notes guaranteeing payment were non-interest bearing. We find however, unlike Giglio v. Weaner, 503 So.2d 1380 (Fla. 2d DCA 1987), rev. denied, 513 So.2d 1061 (Fla.1987), the notes were non-interest bearing only through the due date. Once the due date arrived, the deferred obligation evidenced by the note became a debt which was subject to section 687.01, Florida Statutes (1989). We therefore affirm the summary judgment as it relates to the deferred financing fee and consultant’s fee since there were no unmet conditions in the payment of these fees.
*1311 We find some merit, however, in W.K.A.’s contention that the builder’s fee was not yet due because of CFW’s obligation to deliver the project in substantial compliance with the drawings and specifications. We do not accept the “evidence” of final HUD endorsement as a conclusive determination that, in fact, no latent defects existed when everyone now admits there were such defects. The record before the court is insufficient to determine if such defects prevent a finding of substantial compliance,[1] but sufficient questions remain to prevent summary judgment on this issue.
We reject appellants’ position that Florida law does not apply.
AFFIRMED in part; REVERSED in part; and REMANDED for further action consistent herewith.
GRIFFIN, J., and UNGARO, U., Associate Judge, concur.

. It may be, for example, that all that was required to comply with the specification was the removal of the carpet, sanding of the concrete floors and replacement of the carpet. The long period of delay could have been caused by the owner scheduling the work to accommodate tenants or to await vacancies. The extent of the work and reason for the considerable delay is not a matter of record. It will be up to the trial judge to determine whether the contract performance as of September 15, 1983 was, while not full performance, so nearly "equivalent to what was bargained for that it would be unreasonable to deny the contractor the full contract price subject to the owner's right to recover damages occasioned by the contractor’s failure to render full performance.” Oven Development Corp. v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973).