602 So.2d 1366 (1992)
NIELSEN-MILLER CONSTRUCTION CO., Appellant,
v.
PANTLIN/PRESCOTT, INC., and Palm Beach Gardens Square Associates By and Through its general partners, Pantlin Associates, a Florida general partnership whose general partners are Peter Pantlin, Lawrence Pantlin and Mark Pantlin, and Prescott Realty Services, Inc., an Ohio corporation, Appellees.
No. 91-2332.
District Court of Appeal of Florida, Fourth District.
July 29, 1992.
*1367 Victor W. Holcomb of Victor W. Holcomb, P.A., Tampa, for appellant.
John S. Trimper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee-Palm Beach Square Associates.
FARMER, Judge.
We deny appellees' motion for rehearing, but substitute the following corrected opinion.
A jury awarded the payee of a promissory note $85,497 in unpaid principal. The note was apparently given in settlement of a dispute as to money due a contractor by an owner in a construction project. The form of the note was non-standard; it was prepared on the letterhead of the payee. It provided simply that $91,847.25 was due on a specific date and contained no provision for interest.[1] The payee moved for prejudgment interest from the date the jury determined that the default occurred. The trial court denied both prejudgment and post-judgment interest, and the payee appeals.
In Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the Florida Supreme Court concluded that:
when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.
According to the court, Florida has adopted the "loss theory" of prejudgment interest. Under this theory:
neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest. Rather, the loss itself is a wrongful deprivation by the defendant of the plaintiff's property. Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor. [e.s.]
474 So.2d at 215. Here, the jury determined that the maker was liable to the payee for $85,497 in unpaid principal as of a specific date. Under Argonaut, the payee is entitled to interest from the date of default to the date of judgment.
The maker cites our decision in Lattin v. LaFrance, 475 So.2d 299 (Fla. 4th DCA 1985), on which the trial court relied to deny prejudgment interest. In Lattin, decided *1368 approximately two months after Argonaut, we read Argonaut to permit a denial of prejudgment interest in a special circumstance, saying as follows:
The promissory note before us now was not an interest-bearing document. On the contrary, all references to interest printed on this standard form note were specifically lined out and removed, including the reference to deferred interest. Due to this circumstance, we hold that the note will not support the award of prejudgment interest. [e.s.]
475 So.2d at 299. The maker argued, and the trial court agreed, that our Lattin decision holds that a promissory note which is silent as to interest manifests an agreement of the parties to waive interest even after default. We disagree with such a construction and take this opportunity to clarify our holding.
It is important to note in Lattin that all references to interest, including "deferred interest", had been lined out and removed. From this fact we construed the instrument to evidence an express agreement that no interest was to become due even after a default. Under that kind of agreement of the parties, prejudgment interest is properly denied. But where there is no expressed agreement of the maker or parties on the subject of interest at all, i.e. where the note is entirely silent on the subject of interest, we will not interpret that lack of an express agreement on interest, that silence, to manifest an agreement to waive even post-default interest.
We therefore hold that when a promissory note fails to contain any provision on the subject of interest and is utterly silent as to interest, we will not construe the instrument to reflect an agreement between the parties, or an intention of the maker, that no interest is due after a default. In order to waive post-default, prejudgment interest, the parties must expressly and specifically provide in some way that even post-default interest has been waived. Any other construction would conflict with the rationale behind Argonaut.
The maker also relies on Giglio v. Weaner, 503 So.2d 1380 (Fla. 2d DCA), rev. denied, 513 So.2d 1061 (Fla. 1987), where a prevailing plaintiff was denied post-default interest on a promissory note. The note at issue there "contained no express provision as to payment of interest after maturity * * *." After noting the holding in Argonaut that prejudgment interest is an element of pecuniary damages where such damages are liquidated as of date certain, the court said:
In Argonaut, however, the court referred to its holding being applicable "absent a controlling contractual provision." [citation omitted] In the case before us, the defendant's note bore the following legend: "This note shall not bear interest." Under these circumstances we hold that the note will not support the award of prejudgment interest. See Lattin v. LaFrance, 475 So.2d 299 (Fla. 4th DCA 1985).
503 So.2d at 1380. We disagree with Giglio's reading of both Argonaut and Lattin. The "absent a controlling contractual provision" language in Argonaut has been used out of context. It is obvious that the actual context of the quoted language concerns the proper interest rate to be used for the calculation if the prevailing plaintiff is entitled to prejudgment interest:
The amount of interest to be paid, absent a controlling contractual provision, is a matter of policy to be determined by the legislature. The judiciary does not have discretion in this matter but must apply the statutory interest rate in effect at the time the interest accrues. [e.s.]
Argonaut, 474 So.2d at 215.
Moreover, we disagree with the Second District's essential conclusion that a mere provision waiving interest during the term of a note until maturity is evidence that the parties also intended to waive interest after a default. Here, like Giglio, the only agreement which can be gleaned from the language employed is that the parties intended that no interest accrue on the loan through maturity.
*1369 It requires a considerable leap of logic to construe that kind of agreement to mean that the parties also agreed to forego interest even after the maker has dishonored the note. Such a construction results in a conclusion without a premise. As the court did in Roberts v. CFW Construction Company Inc., 586 So.2d 1309 (Fla. 5th DCA 1991), we interpret the promissory note here to be non-interest bearing only through the due date. Because the parties manifested no intent to waive post-default interest, the trial court's denial of prejudgment interest must be reversed. To the extent that our decision today conflicts with Giglio, we certify the conflict.
The trial court also erred in denying post-judgment interest. Section 55.03(1), Florida Statutes (1991), provides that a judgment:
shall bear interest at the rate of 12 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.
The maker relies on McLean v. McLean, 461 So.2d 1031 (Fla. 2d DCA 1985), which denied post-judgment interest under section 55.03(1) because the instrument was payable on demand and without interest. Here, the maker argues that the note is also non-interest bearing.
The plain language of section 55.03(1) requires that the note "provide" for interest at a lesser rate. Moreover, the statute says that the judgment bears interest at the rate specified in the note. Here, because there is no provision for interest at all, there is obviously no rate "specified" in the note. Under these circumstances, we conclude that section 687.01, Florida Statutes (1991), applies the statutory rate of 12 percent to interest accruing after the default. It follows that there is no reduced rate of interest set forth in the instrument to justify a post-judgment rate of interest less than 12 percent.
We therefore reverse the trial court's order denying both prejudgment and post-judgment interest and remand with instructions to amend the final judgment to conform to the views we have expressed.
REVERSED AND REMANDED WITH DIRECTIONS.
POLEN, J., OWEN, WILLIAM C., JR., Senior Judge concur.
NOTES
[1] The entire text of the instrument is as follows:

PROMISSORY NOTE
$91,847.25 as of March 18, 1986, as a result of the balance due Nielsen-Miller Construction Company from contracts for construction of the Palm Beach Garden Square Shopping Center. Lien waivers have already been received for the total of the contract amounts. Payment on this note shall be as follows:
$91,847.25 by June 1, 1986.
[signature of maker]