PER CURIAM.
The University of Miami filed an action against All-Pro Athletic Surfaces, Inc., Campanile & Associates, Inc., and L.R.C. Construction Corporation, respectively the manufacturer, engineer, and subcontractor of a failed project to build two practice fields for the University’s football team. The contract price was $411,500. Various breach of contract, breach of implied warranties, and negligence theories formed the basis of the University’s claims. The parties agreed, however, that all the damage claims were essentially negligence claims and that the jury should award a single damage figure for all the defendants’ actions, regardless of the underlying theory of recovery. The jury was not asked to apportion damages.
A verdict awarding the University total damages of $410,000 less 5% for comparative negligence was returned by the jury. The court subsequently apportioned the damages.
On appeal, the University contends, correctly, that the court erred by failing to enter a judgment against the defendants jointly and severally.
It was undisputed at trial that the University suffered a single, indivisible economic injury. Under Florida law, when defendants act in concert, or perform separate and independent acts which combine to produce a single economic injury, each defendant is individually and collectively responsible for the entire consequence of their acts. Smith v. Department of Ins., 507 So.2d 1080, 1091 (Fla.1987). Joint and several liability is imposed in such cases, even where an individual caused only a part of the economic damages or where the individual defendant’s act, if it had occurred alone, might not have caused the result. Id.; Stuart v. Hertz Corp., 351 So.2d 703, 705 (Fla.1977).
Section 768.81(3), Florida Statutes (1991) provides that where a defendant’s fault equals or exceeds that of the plaintiff, “the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.” [Emphasis added.] The statute applies to all negligence eases, as broadly defined by section 768.81(4)(a), to include actions for professional malpractice whether based on theories of contract, tort, or breach of warranty. As the defendants conceded, and the statutory language reflects, the instant action is a negligence case to which the statute applies.
Appellees contend that because the appellant did not object to the jury’s apportioning the damages on the verdict form, they waived the argument made here that those damages were indivisible. We disagree. Where the jury incorrectly apportions damages, the trial court should correct the verdict if the jury’s intent is otherwise clear based on the factual circumstances. Balsera v. A.B.D.M. & P. Corp., 511 So.2d 679, 681 (Fla. 3d DCA), rev. denied, 519 So.2d 986 (Fla.1987).
On appellant’s second point, we agree that the University was entitled to prejudgment interest commencing August 1, 1988, the date the contract should have been completed. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Nielsen-Miller Constr. Co. v. Pant *1036 lin/Prescott, Inc., 602 So.2d 1366 (Fla. 4th DCA 1992).
Reversed and remanded for further consistent proceedings.