860 So.2d 503 (2003)
JOJO'S CLUBHOUSE, INC., Appellant,
v.
DBR ASSET MANAGEMENT, INC., Dim Parkway Limited Partnership, Ross Realty Investment, Inc., Robert Sherman, individually, and Murton Roofing Corporation, a Florida Corporation, Appellees.
No. 4D03-341.
District Court of Appeal of Florida, Fourth District.
November 26, 2003.
*504 Peter Loblack of the Law Office of Peter Loblack, P.A., Miami, for appellant.
Amy D. Shield of Amy D. Shield, P.A., Boca Raton, and William John McFarlane III of Murphy, McFarlane & Dolan, Fort Lauderdale, for appellees DBR Asset Management, Inc., DIM Parkway Limited Partnership, Ross Realty Investment, Inc., and Robert Sherman.
STEVENSON, J.
JoJo's Clubhouse, Inc., appeals from a final judgment arising out of its claim for breach of a lease agreement. JoJo's obtained a total judgment in the amount of $27,459.86, but took nothing by the action as a result of a $29,342.94 set-off. We affirm the damage award, but reverse the set-off ordered by the trial court.
Based on our review of the record, we find ample support for the trial court's rejection of the owner's inflated opinion as to the value of the destroyed restaurant. We, however, agree with JoJo's argument that the trial court erred in granting set-off from the award based on an attorney's fee judgment that appellee, DBR Asset Management, Inc., obtained against JoJo's in a related federal civil rights action.
The basis for set-off was established well in advance of trial, yet DBR failed to seek to amend its answer, instead, waiting until the verdict was returned to state its claim for set-off. A motion for set-off is an affirmative defense. See Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., 807 So.2d 669, 670 (Fla. 4th DCA 2001), review denied, 828 So.2d 386 (Fla.2002). Affirmative defenses are waived if not pled. See Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920, 923 (Fla. 2d DCA 2000); Goldberger v. Regency Highland Condo. Ass'n, 452 So.2d 583, 585 (Fla. 4th DCA 1984). Accordingly, the trial court erred in granting the set-off based on DBR's untimely post-trial motion.
Affirmed in part, reversed in part, and remanded.
SHAHOOD, J., and GEIGER, DWIGHT L., Associate Judge, concur.