950 So.2d 528 (2007)
Nancy K. Robinson UDELL, Appellant,
v.
Glenn S. UDELL, Appellee.
No. 4D06-1169.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*529 Ronald E. D'Anna of McClosky, D'Anna & Dieterle, LLP, Boca Raton, for appellant.
Peter Mineo, Jr. of Mineo & Dellapina, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Nancy Udell appeals a final judgment of dissolution of marriage on four grounds related to a rental value offset awarded to Glenn Udell for her exclusive use and possession of the marital home. We reverse.
Nancy Udell filed a petition for dissolution of her marriage to Glenn Udell. She requested that the trial court adopt and ratify the prenuptial agreement entered into by the parties, award her exclusive use and possession of the marital home, and issue a no contact order against Glenn Udell.
Glenn Udell filed an Answer, Affirmative Defenses, and Counter-Petition. He asserted a sole affirmative defense, that "the rights and responsibilities of the parties and the distribution of property is set forth in the parties' Prenuptial Agreement." He did not seek a setoff. However, in a Joint Pretrial Statement, Glenn Udell requested "a reasonable rental value and or set-off as determined by the statutory factors set forth F.S. 61.077 for the wife's exclusive use of the marital home since the date of the separation."
During opening arguments at the dissolution hearing, Glenn Udell's counsel asserted that the only issue to be decided regarded the award of a rental value offset to Glenn Udell for Nancy Udell's exclusive use and possession of the marital home. Nancy Udell's counsel objected on the ground that a rental value offset had not been pleaded. Glenn Udell's counsel did not contend that this objection was waived by any failure to object at the time of the Pretrial Statement, nor does the record reflect that the rental value offset issue was tried by consent. In the final judgment of dissolution of marriage, the trial court awarded Glenn Udell a rental value offset.
Florida Rule of Civil Procedure 1.140(h), which applies to dissolution of marriage proceedings through Florida Family Law Rule of Procedure 12.140, provides that a party waives defenses not raised by motion or responsive pleading (with a few exceptions not relevant in this case). When a defense is not raised by a motion or pleading, the trial court is without jurisdiction to consider and decide the issue. See Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997). The defense at issue in this case, setoff, is just such an affirmative defense which must be raised in a motion or a pleading in order to be considered and decided by the trial *530 court. See JoJo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So.2d 503, 504 (Fla. 4th DCA 2003).
As Nancy Udell contends and the record demonstrates, Glenn Udell failed to plead setoff, or rental value offset, in his Answer, Affirmative Defenses, and Counter-Petition, or in any other pleading or motion. As such, the trial court was without jurisdiction to consider and decide the rental value offset issue. Consequently, the trial court erred by awarding a rental value offset to Glenn Udell. Therefore, we reverse and remand this case to the trial court for the deletion of the rental value offset award from the final judgment (as the remainder of the final judgment is unaffected by our decision). We do not reach the other three grounds raised on appeal, because they are mooted by our decision.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.