SCHWARTZ, Senior Judge.
Upon review of a final judgment of dissolution of marriage, we hold as follows:
(1) The portion of the judgment returning to the husband $400,000 he had voluntarily and unconditionally paid the wife to reduce a self-acknowledged debt to her is vacated both because (a) that relief was never pled, asserted, claimed in any other fashion, or a subject of the trial, See *108 Dysart v. Hunt, 383 So.2d 259, 260 (Fla. 3d DCA 1980) (“[A] judgment upon a matter entirely outside of the issues made by the pleadings cannot stand.”) (citing Cortina v. Cortina, 98 So.2d 334, 337 (Fla.1957)); Udell v. Udell, 950 So.2d 528 (Fla. 4th DCA 2007); Douglas v. Douglas, 616 So.2d 574, 575 (Fla. 5th DCA 1993) (It was improper for the trial court to award mortgage payments as part of equitable distribution “in the absence of a claim for such contained in a pleading.”); and (b) cannot substantively be justified. See Lotspeich Co. v. Neogard Corp., 416 So.2d 1163, 1164 (Fla. 3d DCA 1982) (The trial court’s “personal dislike” for the terms of a settlement agreement was not valid reason for directing a verdict against the defendant.); Steiner v. Physicians Protective Trust Fund, 388 So.2d 1064, 1066 (Fla. 3d DCA 1980) (“Courts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain.”); Churchville v. GACS Inc., 973 So.2d 1212, 1216 (Fla. 1st DCA 2008) (“It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain.”) (citing Barakat v. Broward County Hous. Auth., 771 So.2d 1193, 1195 (Fla. 4th DCA 2000)).
(2) The award of a portion of the Guardian Ad Litem fees against the wife is reversed for a new hearing, as unsupported by any evidence of what those services were or their claimed value.
(3) Contrary to the ruling below, the ex-wife was entitled to prejudgment interest on the fixed obligations owed her by the husband. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Lyons v. Wyman, 658 So.2d 1104 (Fla. 4th DCA 1995); Nielsen-Miller Construction Co. v. Pantlin/Prescott, Inc., 602 So.2d 1366 (Fla. 4th DCA 1992).
The judgment is otherwise affirmed.
Affirmed in part, vacated in part, and reversed and remanded in part.
RAMIREZ, C.J., concurs.