SALTER, J.
This is an appeal from a final summary judgment in a construction case. The appellant, a restaurant (Owner), appeals a judgment for approximately $32,000.00 in favor of the appellee (Contractor). The *577 Owner alleges that the damages were incorrectly computed by the trial court. We conclude that the Owner was entitled to a reduction in the contract balance because the Owner directly paid certain subcontractors, thereby reducing project-related payment obligations of the Contractor. The Contractor’s amended complaint acknowledged that such payments had been made and were to be subtracted from the balance otherwise due from the Owner. We therefore reverse and remand the final summary judgment for further proceedings to reduce the amount due the Contractor by the amount of the Owner’s payments to the subcontractors that would otherwise have been payable by the Contractor.
The case began as a breach of contract claim by the Owner against the Contractor. The Contractor counterclaimed for the unpaid balance of $32,104.36, and also asserted a third-party claim against the Owner’s landlord to foreclose on its alleged mechanic’s lien.
The parties settled the Owner’s claim against the Contractor and the Contractor’s third-party claim against the landlord, but they stipulated that the Contractor’s claim against the Owner “may proceed forward.” The trial court approved the settlement and stipulation. The Contractor then filed an amended counterclaim for the unpaid balance, alleging in paragraph 9 that the Owner was indebted to the Contractor “in the total sum of $32,104.36, less whatever amounts paid directly by the [Owner] to other subcontractors, plus prejudgment interest and costs of this action” [sic].
The Owner asserted affirmative defenses to the amended counterclaim, including a right to set off “sums paid by [Owner] directly to subcontractors for work performed under the contract between [Owner] and [Contractor].” The Contractor moved to strike the affirmative defenses on the grounds that they were barred and released by the earlier settlement agreement and dismissal of the Owner’s claim for breach of contract. The trial court granted the motion and struck the affirmative defenses.
The Contractor then filed a motion for summary judgment for the total amount claimed to be due from the Owner, with no deduction for amounts paid directly to subcontractors by the Owner. The Owner’s principal filed an affidavit in opposition to the motion for summary judgment detailing five payments he made to project subcontractors, for a total of $14,810.80. The affidavit was not contradicted by the Contractor. The trial court granted the Contractor’s motion for final summary judgment and did not reduce the unpaid contract balance by the amounts paid directly to subcontractors by the Owner. This appeal ensued.

Analysis

The Owner raises two arguments here: that it was error to award the Contractor a windfall by failing to deduct those liabilities of the Contractor to subcontractors that were directly paid by the Owner; and that the Contractor should only have been awarded its anticipated net profit on the job rather than the unpaid contract balance.
The Owner’s first argument is well taken. At the hearings on the motions to strike affirmative defenses and for summary judgment, counsel for the Contractor persuaded the trial court that the prior partial settlement and dismissal of the Owner’s complaint precluded any setoff or reduction of the unpaid balance claimed by the Contractor. The doctrine of res judi-cata can, in a case unlike this one, preclude post-settlement, post-dismissal defenses. W & W Lumber of Palm Beach, Inc. v. *578 Town & Country Builders, Inc., 35 So.3d 79 (Fla. 4th DCA 2010). The Contractor argued that the Owner did not replead the affirmative defense of setoff after it was stricken, with the result that the claimed reduction should not be allowed. JoJo’s Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So.2d 503, 504 (Fla. 4th DCA 2003) (affirmative defense of setoff is waived if not pled).
In fact, however, the Contractor’s own amended complaint — filed after the partial settlement and dismissal of certain claims — acknowledged that the unpaid contract balance was to be reduced by “whatever amounts” were paid by the Owner directly to the subcontractors. The Owner’s affidavit established those amounts without contradiction by the Contractor. The Owner is correct that it would be a windfall to the Contractor to allow the Contractor to recover the gross amount remaining payable to the Contractor without deduction for the amounts paid by the Owner to subcontractors for the benefit of the Contractor. The Contractor’s attempt to exceed the strictures of its own pleadings ends here, as it should, in reversal. Homestead-Miami Speedway, LLC v. City of Miami, 828 So.2d 411, 413 (Fla. 3d DCA 2002) (court may not grant relief that has not been pled).
The Owner’s second argument, that there should be a further reduction of the Contractor’s claim to “lost profit” rather than the unpaid (net) contract balance, is not well taken. The Owner’s reliance on Del Monte Fresh Produce Co. v. Net Results, Inc., 77 So.3d 667 (Fla. 3d DCA 2011), is misplaced. In Del Monte and other cases cited by the Owner, contracts were allegedly breached by the defendant before substantial performance occurred, such that the non-breaching party would have incurred expenses in performing the balance of the work required by the contract. In the present case, the Contractor substantially performed the buildout and is entitled to be paid the contract price less only those amounts due from the Contractor to subcontractors but paid instead by the Owner. Wm. Dejon Developers, Inc. v. Panhandle Grading & Paving, Inc., 538 So.2d 88 (Fla. 1st DCA 1989).

Conclusion

The final summary judgment is reversed in part and remanded for a re-computation of damages. The contract balance payable by the Owner to the Contractor, $32,104.36, shall be reduced by those liabilities of the Contractor to five subcontractors which were directly paid by the Owner, apparently $14,810.80,The final summary judgment is reversed in part and remanded for a re-computation of damages. The contract balance payable by the Owner to the Contractor, $32,104.36, shall be reduced by those liabilities of the Contractor to five subcontractors which were directly paid by the Owner, apparently $14,810.80,[1]with prejudgment interest recomputed accordingly. The final summary judgment is affirmed as to liability and as to the rejection of a “lost profits” methodology for damages.
Affirmed in part, reversed in part, and remanded for further proceedings on damages.

. This amount is documented in attachments to the Owner’s affidavit, but if controverted by the Contractor may be determined in an evi-dentiary hearing on damages.