NO. 12-15-00143-CR

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUN - 1 2015
elkm
TYLER TEXAS
CATHY S. LUSK, CLERK

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL PETITION

FOR WRIT OF MANDAMUS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE

SHANE CAIN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRIAL COURT NO. 14,288-CR

349th DISTRICT COURT OF HOUSTON COUNTY, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL ARGUMENT REQUESTED

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Shane Cain #537264
1697 FM 980
Huntsville, TX 77343
(Relator)

PARTIES

Relator is Shane Cain, #537264, whose address is 1697 FM 980, Hunsville, Texas 77343.

Respondent is the Honorable Pam Fletcher, 349th District Court, Houston County, Texas, whose address is the Houston County Courthouse, Crockett, TX 75835.

# TABLE OF CONTENTS

Parties.............................................................i

Table of Contents..................................................ii

Index of Authorities..............................................P. 1

Statement of Case.................................................P. 2

Statement of Jurisdiction.........................................P. 2

**ISSUE PRESENTED:** ..............................................P. 2

IS THE APRIL 12, 1993 JUDGMENT AND SENTENCE IN CAUSE NO. 14,288-CR **VOID**
IN LIGHT OF ARTICLES 1 § 15 AND 1 § 29 OF THE TEXAS CONSTITUTION, BILL OF
RIGHTS?

Statement of Facts:...............................................P. 2

Argument..........................................................P. 3

PRAYER............................................................P. 4

Certification.....................................................P. 4

Appendix-Exhibit A..............................................P. 5-6

## INDEX OF AUTHORITIES

Texas Constitution:

Article 1 § 15, Texas Constitution, Bill of Rights.........................P. 2-3

Article 1 § 29, Texas Constitution, Bill of Rights.......................P. 2-3


Statutes:

Article 1.13, Texas Code of Criminal Procedure...........................P. 2-3


Texas Cases:

Cantral & M. R. Co. v. Morris, 3 S.W. 457 (Sup. 1887)....................P. 3

Murphy v. Phillips, 63 S.W. 404 (Civ. App. 1933).........................P. 3

STATEMENT OF THE CASE

Relator was charged with the offense of Possession of a Deadly Weapon in a Penal Institution in the 349th District Court of Houston County, Texas, Cause no. 14,288-CR.

On April 12, 1993 Relator waived his right to trial by jury, pled guilty, and the trial court entered a Judgment and Sentence finding Relator guilty and sentenced him to 35 years in TDCJ without a trial by jury. (See Attached **Exhibit A**, Judgment and Sentence in Cause no. 14,288-CR)

JURISDICTION

This Court has jurisdiction pursuant to Article V § 6 of the Texas Constitution.

ISSUE PRESENTED

IS THE APRIL 12, 1993 JUDGMENT AND SENTENCE IN CAUSE NO. 14,288-CR **VOID** IN LIGHT OF ARTICLES 1 § 15 AND 1 § 29 OF THE TEXAS CONSTITUTION, BILL OF RIGHTS?

STATEMENT OF FACTS

On April 12, 1993, Relator waived his right to trial by jury, pled guilty, to the Offense of Possession of a Deadly Weapon in a Penal Institution in cause no. 14,288-CR. Relator waived his right to a trial by jury under Art. 1.13, Texas Code of Criminal Procedure (a void law). The 349th District Court then found Relator guilty and entered a Judgment and Sentence and sentenced Relator to 35 years in TDCJ; entering a void judgment where it is based on a void law as outlined herein.

## ARGUMENT

Article 1.13, Texas Code of Criminal Procedure, is a law enacted by the Texas Legislature in 1965. It is a law that gives non-capital/non-death penalty defendants the right to "waive" their right to a trial by jury. This law is void under Article 1 § 29 of the Texas Constitutions Bill of Rights because Article 1.13, Texas Code of Criminal Procedure is contrary to Article 1 § 15 of the Texas Constitutions Bill of Rights as outlined herein:

In 1935 the voters of this great state adopted Article 1 § 15 of the Texas Constitutions Bill of Rights, which specifically states that, "The right of trial by jury **shall remain inviolate**." Additionally, and to emphasize the importance and seriousness of this right, the voters also adopted Article 1 § 29 of the Texas Bill of Rights that further state:

"To guard against transgressions of the high powers herein delegated, we declare that <u>everything</u> in this "Bill of Rights" <u>is</u> **<u>excepted out of the general powers of government</u>**, and **<u>SHALL FOREVER REMAIN INVIOLATE, AND ALL LAWS CONTRARY THERETO</u>**, or to the following provisions, **<u>SHALL BE VOID</u>**."

Article 1 § 29 of the Bill or Rights specifically prohibits the legislature from enacting any law that is contrary to the Bill of Rights and any law that is contrary to the Bill of Rights is to be declared void.

It is obviously clear that Article 1 § 15 of the Bill of Rights states that the right of trial by jury "shall remain inviolate" and Article 1.13 of the Texas Code of Criminal procedures "law" enacted by the legislature to allow the "waiver" of this right are clearly contrary to eachother and the law is void under Article 1 § 29 of the Bill of Rights.

In 1887 the Texas Supreme Court has even held that, "The right of trial by jury cannot be defeated by a legislative enactment." **Central & M. R. Co. v. Morris**, 3 S.W. 457 (SUP. 1887) and, "When the Legislature has clearly and directly done something contrary to the Bill of Rights, the judiciary must declare such enactment void." **Murphy v. Phillips**, 63 S.W. 404 (Civ. App. 1933).

In the case at hand, Relator is not asking this court to declare Article 1.13 of the Texas Code of Criminal Procedure void. Relator is specifically asking the Court to simply modify or overturn the judgment in cause no. 14,288-CR where it is a void judgment based on a void law. The Bill of Rights does not give anyone the right to "waive" their right to a trial by jury — and this is why defendants with death sentences cannot waive their right to a jury trial. Therefore, the judgment in this case is void because there was no jury trial and a jury cannot be waived.

P. 3

## NO OTHER AVAILABLE REMEDY

A writ of mandamus is an appropriate remedy in this case where the Relator is not allowed to file any petitions for writ of habeas corpus' in Houston County and mandamus is the appropriate remedy for a void judgment.

## PRAYER

WHEREFORE, Relator prays that the Court will consider granting relief by either of the following:

1. Vacate or overturn the judgment in cause no. 14,288-CR and remand this case back to the trial court for a jury trial, or

2. Reform or modify the judgment in cause no. 14,288-CR by reducing the 35 year sentence imposed and reduce it to a ten (10) year sentence to be ran "concurrently" with Relators prior 99 year sentence in cause no. 91-0984-CR from Guadalupe County, Texas, to resolve this issue and make this a "moot" issue.

NOTE: Relator has already been in prison for the last 26 years and is currently serving a 99 year sentence. Overturning or modifying the judgment in cause no. 14,288-CR will not cause Relator to be released from prison.

Respectfully submitted on this **28th** day of **May 2015.**

X_Shane Cain_____

Shane Cain #537264
1607 FM 980
Huntsville, TX 77343

## CERTIFICATION

I, Shane Cain, Relator, have reviewed this petition and conclude that every factual statement in this petition is supported by competent evidence included in the appendix and record.

X_Shane Cain_____

Shane Cain--Relator

VOL 0007 PAGE 786

NO. 14,288-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HOUSTON COUNTY, TEXAS |
| | § | |
| SHANE CAIN | § | 3RD\349TH JUDICIAL DISTRICT |

## JUDGMENT AND SENTENCE ON PLEA OF
## GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

Judge Presiding: *Jerry Calhoun*    Date of Judgment: *4-12-93*

Attorney
for State: RAY MONTGOMERY    Attorney
for Defendant: *Kaye Ellis*

Offense
Convicted of: ~~Aggravated Assault with a Deadly Weapon~~ *RM* *Possession of a Deadly Weapon in Penal Institution (Count II)*    Date Offense Committed: 08-13-92

Degree: First
Penal Code 22.02    *Void*

Charging
Instrument: Indictment    Plea: Guilty    ← ← ←

Terms of Plea Bargain (in detail): *35* yrs. TDCJ-ID stacked on 91-0984-CR, Guadalupe County, Texas.
*Dismiss Count I; RM*

Plea to Enhancement
Paragraph(s): TRUE    Findings on
Enhancement: TRUE

Findings on Use of
Deadly Weapon: ~~TRUE~~ *N/A RM*

Punishment and
Place of Confinement: *35* YRS. TDCJ-ID    Date to
Commence: SEE BELOW

Date Sentence
Imposed: *4-12-93*    Costs: $*84.50*

Time Credited:
November 24, 1992    Total Amount of
Restitution/Reparation: $ *N/A*

## Consecutive

On the *12*th day of *April*, 1993, the above referenced cause was called for trial. The parties appeared as follows: the State appeared by its Special Prosecutor, and the Defendant, Shane Cain, appeared in person with his attorney of record, *Kaye Ellis*. Both parties announced ready for trial, and the Defendant having waived his right to a jury trial entered his plea of guilty to the offense of Aggravated Assault with a Deadly Weapon committed on August 13, 1992. After the reading of the

P. 5

"EXHIBIT A"

indictment was waived and evidence for the State and the Defendant was submitted and concluded, and argument of counsel for the State and Defendant was heard and concluded, the Court made the following findings:

Defendant is guilty as charged in the indictment.

Thereupon, the said Defendant having previously requested that the Court assess the proper punishment, and upon hearing all the evidence submitted by and on behalf of the State and the Defendant, the Court is of the opinion and so finds the proper punishment of the Defendant should be by confinement in the Texas Department of Criminal Justice Institutional Division for a term of thirty-five (35) years.

It is therefore CONSIDERED, ADJUDGED AND ORDERED by the Court that the Defendant, Shane Cain, is guilty of the offense of Aggravated Assault with a Deadly Weapon committed on August 13, 1992, and that he be punished by confinement in the Texas Department of Criminal Justice Institutional Division for a term of thirty-five (35) years, and that such punishment be carried into execution in the manner prescribed by law.

It is further ORDERED by the Court that the judgment and sentence in this cause shall begin to run from and after the sentence of law in Cause No. 91-0984-CR on the 18th day of May, 1992, in the 25th District Court of Guadalupe County, Texas, for the offense of Retaliation, for which the defendant received 99 years, has ceased to operate, and the said Defendant is hereby remanded in jail until the directions of this sentence can by obeyed.

Right Thumb print

Of Defendant

PRESIDING JUDGE

April 12, 1993

Date Signed

Notice of Appeal: _____