# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1694
Lower Tribunal No. 17-739-K
_____

**Tina Sieberg-Shabbick,**
Appellant,

vs.

**Michael Shabbick,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Sandy T. Fox, P.A., Sandy T. Fox and Alisha B. Savani, for appellant.

Young, Berman, Karpf & Karpf, P.A., and Andrew S. Berman, for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

GORDO, J.

Tina Sieberg-Shabbick ("Former Wife") appeals a final judgment of dissolution of marriage from Michael Shabbick ("Former Husband"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in all regards but reverse the set-off granted by the trial court.

In the final judgment of dissolution of marriage, the trial court awarded the Former Husband a set-off for the rental value of the marital home. On appeal, the Former Wife argues the trial court erred by awarding the set-off, or rental value offset, to the Former Husband because the Former Husband failed to plead the matter in any pleading or motion. We agree.

It is well-established that "[i]n the answer a party must state affirmatively any matter constituting an avoidance or affirmative defense or any other affirmative defense as allowed by law." Fla. Fam. L. R. P. 12.110(d). "A party waives all responses and objections that the party does not present either by motion . . . or, if the party has made no motion, in a responsive pleading." Fla. Fam. L. R. P. 12.140(h)(1). "When a defense is not raised by a motion or pleading, the trial court is without jurisdiction to consider and decide the issue." Udell v. Udell, 950 So. 2d 528, 529 (Fla. 4th DCA 2007). "The defense at issue in this case, setoff, is just such an

affirmative defense which must be raised in a motion or a pleading in order to be considered and decided by the trial court." Id. at 529-30.

Here, rather than pleading set-off in a motion or pleading, the Former Husband raised the issue for the first time in his pre-trial catalogue. Because the Former Husband failed to raise the matter as an affirmative defense or file a motion for such relief, we find the trial court erred by awarding him the set-off. See Jojo's Clubhouse, Inc. v. DBR Asset Mgmt., Inc., 860 So. 2d 503, 504 (Fla. 4th DCA 2003) ("A motion for set-off is an affirmative defense."); Udell, 950 So. 2d at 530 ("[Appellee] failed to plead setoff, or rental value offset, in his Answer, Affirmative Defenses, and Counter-Petition, or in any other pleading or motion. As such, the trial court was without jurisdiction to consider and decide the rental value offset issue. Consequently, the trial court erred by awarding a rental value offset to [Appellee].").

Further, we find the set-off issue was not tried by consent or waiver as the record reflects the Former Wife promptly objected to the Former Husband's argument. See Aburoumi v. Espinosa, 305 So. 3d 825, 826 (Fla. 5th DCA 2020) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (quoting Fla. R. Civ.

3

P. 1.190(b))); <u>Byers v. Callahan</u>, 848 So. 2d 1180, 1184 (Fla. 2d DCA 2003) ("[I]mplied consent does not exist when the opposing party objects to the argument or the introduction of evidence."); <u>LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon-ANF, Inc.</u>, 842 So. 2d 881, 887 (Fla. 4th DCA 2003) ("An issue is tried by consent when there is no objection to the introduction of evidence on that issue."). As the trial court's set-off award is in derogation of established Florida law, we reverse. <u>See Defreitas v. Defreitas</u>, 398 So. 2d 991, 992 (Fla. 4th DCA 1981) ("Florida law clearly holds that a trial court lacks jurisdiction to hear and determine matters which are not the subject of appropriate pleadings and notice."); <u>Rotta v. Rotta</u>, 34 So. 3d 107, 108 (Fla. 3d DCA 2010) ("A judgment upon a matter entirely outside of the issues made by the pleadings cannot stand." (quoting <u>Dysart v. Hunt</u>, 383 So. 2d 259, 260 (Fla. 3d DCA 1980))).

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.