524 So.2d 1015 (1988)
FIXEL ENTERPRISES, INC., Petitioner,
v.
Peter M. THEIS and Debra L. Theis, Respondents.
No. 70704.
Supreme Court of Florida.
May 12, 1988.
*1016 Borden R. Hallowes, Jacksonville, for petitioner.
Reese A. Waters, Jr., Jacksonville, for respondents.
EHRLICH, Justice.
We have for review Fixel Enterprises, Inc. v. Theis, 507 So.2d 697 (Fla. 1st DCA 1987), in which the district court certified the following question:
IS THE DEFINITION IMPOSED UPON THE TERM "PREVAILING PARTY" AS USED IN SECTION 713.29, FLORIDA STATUTES, IN C.U. ASSOCIATES, INC. V.R.B. GROVE, INC., 472 So.2d 1177 (FLA. 1985), TO BE EXTENDED BEYOND THE CONTEXT OF THAT STATUTE.
507 So.2d at 699. We answer the question in the negative and approve the decision below.
This case arises from the performance of a construction contract wherein the petitioner, Fixel Enterprises, Inc., a building contractor, agreed to build the respondents' home. The respondents brought suit against Fixel alleging breach of contract and negligent construction. At the time of trial they were seeking damages of $18,000. Fixel filed a counterclaim seeking in excess of $15,000 for additions and extras performed over and above the terms of the contract. One week prior to trial, after discovery had been completed, the president of Fixel offered to pay the respondents $2,500 in full settlement. This offer was refused. On the morning of trial, another offer of $1,500 was made and refused. After a jury trial, the respondents were awarded $1,000. The respondents then sought payment of costs and attorney's fees pursuant to the construction contract which provides:
11. ATTORNEY'S AND COSTS: In connection with any litigation arising out of this agreement, the prevailing party shall be entitled to receive all costs incurred, including reasonable attorney fees.
Fixel opposed the motion, taking the position that the respondents were not the "prevailing party" under the terms of the contract, because they recovered less than the settlement amounts offered by Fixel prior to trial. The trial court rejected this argument, ordering Fixel to pay $796 in costs and an attorney's fee of $3,000.
On appeal, the district court affirmed the order awarding costs and attorney's fees and certified the above question which refers to this Court's decision in C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985). In C.U. Associates, this court held that in order to be a "prevailing party" entitled to attorney's fees under section 713.29 Florida Statutes (1981), a litigant, in an action to enforce a mechanics' lien, "must have recovered an amount exceeding that which was earlier offered in settlement of the claim." 472 So.2d at 1179. The district court refused to extend the C.U. Associates definition of "prevailing party" to the term as it was used in the contract at issue, reasoning that this case "does not involve the Mechanics' Lien law, which is codified in chapter 713, Florida Statutes." 507 So.2d 698. The court concluded that, as the parties recovering judgment, the respondents qualified as the "prevailing party" under the contract.[1]
*1017 Fixel urges us to hold that the definition of "prevailing party" adopted in C.U. Associates applies to that term as used in the construction contract at issue. Fixel argues that the term should have but one definition, whether used in a contract or in a statute, such as section 713.29. Because none of the policy considerations underlying section 713.29 are present in this case, we decline to extend the C.U. Associates definition of "prevailing party" outside of the mechanic's lien context.
The definition for "prevailing party" adopted in C.U. Associates was based on the underlying policy of section 713.29 to "encourage settlement of disputes before resorting to litigation." 472 So.2d at 1178. We noted that "[f]orcing the loser to bear the costs and fees of producing the opponent's victory engenders a more realistic appraisal of the merits of the claim and discourages dilatory or obstructive tactics." Id. We went on to reason that "[t]o award attorneys fees and costs when any judgment is won, without reference to earlier, bona-fide good faith offers to settle the claim, allows the plaintiff a free throw of the dice in an attempt to squeeze the last penny out of the claim... . Such a result defeats the laudable goal section 713.29 was intended to achieve." Id. at 1178-79. None of these policy considerations are implicated in the instant case. Therefore, we answer the question certified in the negative and hold that the definition of the term "prevailing party" as used in section 713.29 is not to be extended beyond the context of that statute. The district court correctly concluded that, as the parties recovering judgment, the respondents are the "prevailing party" entitled to an award of attorney's fees and costs under the contract. Cf. Folta v. Bolton, 493 So.2d 440, 442-443 (Fla. 1986) (litigant in multicount medical malpractice action is "prevailing party", under section 768.56, Florida Statutes (1983), on those claims which he recovers judgment in his favor).
Accordingly, the decision below is approved.
It is so ordered.
McDONALD, C.J., and BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion.
OVERTON, J., dissents with an opinion, in which SHAW, J., concurs.
GRIMES, Justice, concurring.
I believe that at least some of the policy considerations behind the decision in C.U. Associates are also applicable here. However, I concur with this decision because I am somewhat apprehensive over the wisdom of the rule adopted in C.U. Associates, and I do not wish to see it extended to cases involving contractual provisions for attorneys' fees.
OVERTON, Justice, dissenting.
I dissent. I find that most all of the policy considerations which support our decision in C.U. Associates, Inc. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla. 1985), are fully applicable to the circumstances in the instant case. The rule of law should be the same, whether the English prevailing party rule for attorney fees is applicable because of the enactment of a statute or by the provision of a contract. In my view, there is no justifiable reason to distinguish between a provision enacted by statute and a provision incorporated in a contract.
SHAW, J., concurs.
NOTES
[1] As noted by the district court, the offer of judgment rule, Florida Rule of Civil Procedure 1.442, is not implicated in this case. Rule 1.442 provides in pertinent part:

At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued... . If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.
If Fixel had made its offer of settlement pursuant to rule 1.442 it would have not been liable for costs incurred after the making of the offer.