989 So.2d 696 (2008)
DIAMOND "S" DEVELOPMENT CORPORATION, Appellant,
v.
MERCANTILE BANK, a Florida banking corporation, Appellee.
Tierra Holdings, Ltd., Appellant,
v.
Mercantile Bank, a Florida banking corporation, Appellee.
Nos. 1D07-5967, 1D08-0427.
District Court of Appeal of Florida, First District.
August 7, 2008.
Rehearing Denied September 8, 2008.
Raymond T. Elligett, Jr. of Buell & Elligett, P.A., Tampa, for Appellants.
Michael G. Tanner, Thomas E. Bishop, and Stuart F. Williams of Tanner Bishop, Jacksonville, for Appellee.
*697 PER CURIAM.
In these consolidated appeals, appellants seek review of final judgments entered against them for unjust enrichment. Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter. Ocean Commc'ns, Inc. v. Bubeck, 956 So.2d 1222, 1225 (Fla. 4th DCA 2007); Kovtan v. Frederiksen, 449 So.2d 1 (Fla. 2d DCA 1984). Accord Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp., 899 So.2d 1222, 1227 (Fla. 1st DCA 2005). We agree that appellee's unjust enrichment claim was precluded by the existence of an express contract between the parties concerning the same subject matter. For the first time on appeal, appellee asserts that even if the unjust enrichment claim fails as a matter of law, the judgments for appellee should be affirmed under a "constructive trust theory of recovery." However, a constructive trust is not a traditional cause of action, but an equitable remedy that must be based upon an established cause of action. Collinson v. Miller, 903 So.2d 221, 228 (Fla. 2d DCA 2005). Because appellee cannot advance the theory of unjust enrichment for recovery, it has no constructive trust remedy. Accordingly, we reverse the judgments against appellants for unjust enrichment and remand with directions that the trial court enter judgments for appellants on that claim.
REVERSED and REMANDED with directions.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., concur.