VAN NORTWICK, J.
 

 Tierra Holdings, Ltd. (“Tierra”) appeals a trial court order which (1) awarded Tier-ra its costs and attorney’s fees incurred after December 1, 2006, the date of its valid proposal for settlement pursuant to section 768.79, Florida Statutes (2006), in the breach of contract claim filed against Tierra by Mercantile Bank (“Mercantile”), and (2) awarded Mercantile all of its costs
 
 *560
 
 and attorney’s fees incurred through trial in connection with its breach of contract claim against Tierra, pursuant to a prevailing party attorney’s fees provision in the contract. Tierra conceded below that Mercantile was the prevailing party under the contract, but argued that its proposal for settlement cut off Mercantile’s entitlement to fees under the contract which were incurred after the date of the proposal. The trial court rejected Tierra’s argument, ruling that section 768.79 contained no language which would expressly authorize the modification of a contractual attorney’s fees provision and that to read such a rule into the statute would contravene the parties’ economic expectations under the contract without express statutory support. Because section 768.79 must be strictly construed and the statute, as written, does not support the interpretation advanced by Tierra, we affirm.
 

 Factual and Procedural Background
 

 In May 2004, Mercantile and Tierra, through its sole general partner Diamond “S” Development Corporation (“Diamond”), entered into a contract under which Mercantile agreed to sell two parcels of real estate to Tierra. The contract provided that Parcel 2 would not be used for a bank or a banking related business for a period of five years. The contract also provided that the “prevailing party” in any litigation in connection with the contract would be entitled to all costs and expenses including attorney’s fees.
 
 [1]
 

 The sale was closed in June 2004, at which point the parties executed a special warranty deed which provided for a six-month restriction against bank-related use of Parcel 2, rather than the five-year restriction provided by the contract. In March 2005, after the expiration of the six-month restriction, Tierra sold Parcel 2 to Pilot Bank, which subsequently operated a bank on the property.
 

 After discovering the sale of Parcel 2 to Pilot Bank, Mercantile filed a two-count complaint against Tierra and Diamond, alleging breach of contract and unjust enrichment. Tierra and Diamond served Mercantile with a proposal for settlement on December 1,
 
 2006,
 
 pursuant to rule 1.442, Florida Rules of Civil Procedure, and section 768.79, Florida Statutes. Tier-ra and Diamond offered to pay Mercantile $178,200
 
 [2]
 
 in resolution of all claims, including Mercantile’s claim for attorney’s fees and court costs under the contract. Mercantile did not accept the offer.
 

 The case proceeded to trial on August 13, 2007. As the trial court found: “Tierra and Diamond continued to dispute damages for the breach of contract claim even after they admitted they breached the contract shortly before trial and after they knew that Mercantile was only going to claim $16,232.00 in damages for Count I.” The jury returned a verdict in favor of Mercantile awarding damages in the amount of $16,232 for the breach of contract claim and, after a bench trial, the court awarded an additional $725,000 in damages for the unjust enrichment claim. Tierra moved to set aside the jury verdict, arguing that the evidence of damages was speculative and that a reasonable fact-finder could not determine what, if any, damages Mercantile suffered. The trial court
 
 *561
 
 denied the motion and entered a final judgment on October 3, 2007, retaining jurisdiction to determine attorney’s fees and costs.
 

 On appeal before this court, Tierra and Diamond challenged the award of damages on the unjust enrichment claim, arguing that the claim was precluded by the existence of an express contract. In
 
 Diamond ‘S” Development Corp. v. Mercantile Bank,
 
 989 So.2d 696 (Fla. 1st DCA 2008), this court agreed with Tierra that Mercantile could not pursue both a breach of contract claim and an unjust enrichment claim. There, we held that Mercantile’s “unjust enrichment claim was precluded by the existence of an express contract between the parties concerning the same subject matter.”
 
 Id.
 
 at 697. Thus, having recovered on the breach of contract claim, Mercantile was precluded from pursuing the quasi-contract claim for unjust enrichment. The case was remanded. On remand, the trial court entered an amended final judgment retaining jurisdiction to determine the issue of attorney’s fees and costs.
 

 On December 30, 2008, Tierra and Mercantile moved for attorney’s fees and costs. Mercantile, relying on the attorney’s fees and costs provision of the contract, sought fees and costs incurred in regard to its breach of contract claim. Tierra moved for attorney’s fees and costs pursuant to rules 1.442 and 1.525, Florida Rules of Civil Procedure, and section 768.79, Florida Statutes. At the hearing on the parties’ motions, Mercantile conceded that Ti-erra was entitled to recover some fees and costs under section 768.79, and Tierra conceded that Mercantile was the prevailing party in regard to the breach of contract claim and thus entitled to recover some fees and costs under the contract. Tierra argued, however, that Mercantile could recover only those fees and costs incurred up to the date of Tierra’s proposal for settlement.
 

 In its order, the trial court rejected Tierra’s argument that its proposal for settlement cut off Mercantile’s contractual right to fees as of the date of the proposal, reasoning that the language of section 768.79 does not expressly authorize the sort of modification of a contractual attorney’s fees provision that Tierra proposed. Accordingly, the trial court awarded Mercantile the full amount of costs and fees incurred with respect to its breach of contract claim in the amount of $232,381.62. Tierra does not contend on appeal that this amount was unreasonable for the services provided. Further, the trial court found that Tierra’s December 1, 2006 proposal for settlement conformed with the requirements of rule 1.442 and section 768.79, that the proposal was made in good faith, and that the verdict obtained by Mercantile combined with the $22,256.50 in fees and $684.00 in costs incurred before the date of Tierra’s proposal was at least 25% less than Tierra’s offer. Therefore, the court awarded Tierra fees and costs in the amount of $208,627.95. Accordingly, in the final judgment for attorney’s fees and costs, the trial court awarded Mercantile $23,753.67, the difference between the award of Mercantile’s fees and costs, and the award of Tierra’s fees costs and costs.
 

 Tierra appeals, raising an issue of first impression, arguing that a valid proposal for settlement under section 768.79, Florida Statutes, cuts off a prevailing party’s claim for contractual attorney’s fees and costs incurred after the date of the proposal.
 

 Standard of Review
 

 A trial court’s ruling on a motion to tax attorney’s fees and costs pursuant to section 768.79 is reviewed de novo.
 
 Jacksonville Golfair, Inc. v. Grover,
 
 988 So.2d 1225, 1226 (Fla. 1st DCA 2008). Further,
 
 *562
 
 where the trial court’s ruling turns on an issue of statutory interpretation, the trial court’s interpretation of the statute is also reviewed de novo because “[t]he interpretation of a statute is purely a legal matter.”
 
 Kephart v. Hadi,
 
 932 So.2d 1086, 1089 (Fla.2006).
 

 Statutory Background
 

 The original offer of judgment rule of procedure, adopted by the Florida Supreme Court in 1972, was modeled after its federal counterpart, Federal Rule of Civil Procedure Rule 68.
 
 In re the Florida Bar,
 
 265 So.2d 21, 40-41 (Fla.1972). This rule, rule 1.442, was a cost-shifting mechanism by which the adverse party would be required to pay the offeror its costs incurred after the offer was made if the judgment ultimately obtained was not more favorable than the offer of judgment. Costs were the only sanctions imposed under the original rule and the original rule did not authorize an award of attorney’s fees.
 
 Sarkis v. Allstate Ins. Co.,
 
 863 So.2d 210, 218 n. 5 (Fla.2003).
 
 [3]
 

 In 1986, the Florida Legislature enacted the original version of section 768.79, Florida Statutes, authorizing the award of attorney’s fees. 863 So.2d at 218. The Florida Supreme Court responded in 1988, requesting that the Civil Procedure Rules Committee examine the legislative enactment and rule 1.442, and the Committee petitioned for the adoption of a new rule. In its ruling on the petition, the Supreme Court recognized the confusion generated by the differences between the legislative enactment and rule 1.442 as it existed at the time.
 
 Id.
 
 at 219.
 
 See Florida Bar re Amendment to Rules of Civil Procedure, Rule 1 M2 (Offer of Judgment),
 
 550 So.2d 442, 442-43 (Fla.1989). The Court withdrew the then existing rule 1.442 and replaced it with a new rule which reflected the major components of section 768.79 and section 45.061.
 
 [4]
 

 Sarkis,
 
 863 So.2d at 219-20.
 

 In 1990, the Legislature amended section 768.79, Florida Statutes, adopting its current language. Ch. 90-119, § 48, at 400, Laws of Fla. Subsection (1) of section 768.79 provides:
 

 In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiffs award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissi
 
 *563
 
 ble in subsequent litigation, except for pursuing the penalties of this section.
 

 Because the Supreme Court subsequently found that section 768.79 also contained procedural aspects which were the subject of the Court’s rule-making authority, the Court withdrew rule 1.442 again and adopted the procedural portions of section 768.79.
 
 Timmons v. Combs,
 
 608 So.2d 1, 3 (Fla.1992). In
 
 Timmons,
 
 the Court noted “that the circumstances under which a party is entitled to costs and attorney’s fees is substantive” and thus governed by statute and that rule 1.442 “can only control procedural matters.”
 
 Id.
 
 at 2-3.
 

 In 1996, the Court adopted the current version of rule 1.442.
 
 In re Amendments to Florida Rules of Civil Procedure,
 
 682 So.2d 105 (Fla.1996). The rule now provides for service of a proposal for settlement, the form and content of that proposal, service and filing, withdrawal, acceptance and rejection, a method for requesting sanctions, a method for the determination of costs and fees, the admissibility of a proposal and the effect of mediation. The Court accepted amendments recommended by the Committee that covered procedural matters, but rejected those that infringed upon substantive issues. The Court explained that it could not accept amendments affecting entitlement to attorney’s fees because it concluded that it was the “legislative prerogative to enact substantive law.”
 
 Id.
 
 at 106.
 

 Analysis
 

 The Florida Supreme Court has held that the language of section 768.79, as well as rule 1.442 which implements it, “must be strictly construed because [they] are in derogation of the common law rule that each party pay its own fees.”
 
 Willis Shaw Express, Inc. v. Hilyer Sod, Inc.,
 
 849 So.2d 276, 278 (Fla.2003).
 
 See also Major League Baseball v. Morsani,
 
 790 So.2d 1071, 1077-78 (Fla.2001);
 
 Gershuny v. Martin McFall Messenger Anesthesia Professional Ass’n,
 
 539 So.2d 1131, 1132 (Fla.1989). Further, because an award under the offer of judgment statute serves as a penalty, the strict-construction rule must be applied “in favor of the one against whom the penalty is imposed,” and the statute must never be “extended by construction.”
 
 Sarkis,
 
 863 So.2d at 223.
 

 The contract between Tierra and Mercantile contains a broad attorney’s fees provision. The purpose of such a provision is “to ‘protect and indemnify’ the interests of the parties, not to enrich the prevailing party.”
 
 Lashkajani v. Lashkajani,
 
 911 So.2d 1154, 1158 (Fla.2005). Contractual awards of fees are intended to make the prevailing party whole through reimbursement of the expense of litigation.
 
 Cheek v. McGowan Elec. Supply Co.,
 
 511 So.2d 977, 979 (Fla.1987). A trial court does not have discretion to decline to enforce such a provision once it is determined that a party prevailed in its claim under the contract.
 
 Lashkajani,
 
 911 So.2d at 1158.
 

 In the case before us, nothing in the language of the contract limited a prevailing party’s entitlement to an award of fees based upon the opposing party’s offer to settle. Further, nothing in the language of section 768.79 authorizes the modification of a contractual right to attorney’s fees. Reading an implicit cut-off into the offer of judgment statute, as advocated by Tierra, would deny Mercantile complete reimbursement for its litigation expenses and, thus, the contractual indemnification for which the parties bargained. Such a reading would also be contrary to the rules of construction set forth by the Florida Supreme Court.
 
 See Wills Shaw Express, Inc.,
 
 849 So.2d at 278;
 
 Sarkis,
 
 863 So.2d at 223.
 

 
 *564
 
 Tierra argues that applying the cut-off rule in the context of this case is merely an extension of prior case law holding that the prior rule 1.442 cut-off a party’s entitlement to post-offer contractual fees and costs.
 
 See Giglio v. Werner,
 
 503 So.2d 1380 (Fla. 2d DCA 1987);
 
 see also Fixel Enterprises Inc. v. Theis,
 
 507 So.2d 697 (Fla. 1st DCA 1987). Tierra also cites to several cases which interpret section 768.79 and recognize that a valid proposal for settlement, under the offer-of-judgment statute, cuts-off a party’s entitlement to post-offer costs under section 57.041,
 
 see Goode v. Udhwani,
 
 648 So.2d 247 (Fla. 4th DCA 1994), as well as a party’s entitlement to post-offer fees under section 627.428.
 
 See Danis Indus. Corp. v. Ground Improvement Techniques, Inc.,
 
 645 So.2d 420 (Fla.1994).
 

 We find these cases distinguishable and unpersuasive.
 

 In
 
 Giglio,
 
 the plaintiff sought to enforce a promissory note that contained a provision requiring the payment of attorney’s fees incurred in enforcing payment of the note. 503 So.2d at 1381. Although the plaintiff prevailed in her claim, she was denied attorney’s fees incurred after the date of the defendant’s first offer of judgment since the plaintiff did not obtain a judgment more favorable than the offer. The Second DCA affirmed, concluding “that where ... a judgment includes attorney’s fees awarded pursuant to a contract, the trial court is proper in excluding that part of the entitlement to attorney’s fees which represents fees for services performed after the rejection of a bona fide offer made pursuant to rule 1.442.”
 
 Id.
 
 at 1382. The basis for this ruling was the promotion of “the purpose and policy behind the rule [to] encourage[] settlement and discourage! ] unnecessary litigation.” Id. We believe that this extension of then rule 1.442, a cost-shifting rule, is questionable in light of the Florida Supreme Court’s subsequent pronouncement that the rule did not authorize attorney fees as a sanction.
 
 Sarkis,
 
 863 So.2d at 218 n. 5. As the Court made clear in
 
 Timmons,
 
 the determination of entitlement to fees and costs is a substantive issue and the rules enacted by the court can only control procedural matters. 608 So.2d at 2-3. In view of these pronouncements by the Florida Supreme Court, we cannot agree with Tierra that the
 
 Giglio
 
 case offers any support for the proposition being advanced.
 

 In
 
 Fixel Enterprises, Inc. v. Theis,
 
 Fixel Enterprises, a building contractor, had entered into a construction contract with Theis in which it agreed to build a home. 507 So.2d at 698. A dispute arose and Theis sued Fixel for breach of contract and negligent construction, seeking $18,000 in damages at the time of trial. A week before trial, Fixel offered to pay Theis $2,500 in full settlement of the claim, but this offer was refused. On the day of trial, Fixel made another offer to settle for $1,500, but this offer was also refused. The jury returned a verdict awarding Theis $1,000. When Theis sought attorney’s fees and costs pursuant to a provision of the construction contract, Fixel argued that Theis was not the prevailing party under the contract because Theis failed to recover an amount greater than offered by Fixel to settle the case. In making this argument, Fixel relied substantially on
 
 C.U. Associates, Inc. v. R.B. Grove, Inc.,
 
 472 So.2d 1177 (Fla.1985), which interpreted the mechanics lien law statute, section 731.29, to require a litigant seeking “prevailing party” attorney’s fees pursuant to that statute to have recovered an amount exceeding that which was earlier offered in settlement of the claim. This court rejected Fixel’s argument and declined to extend the definition of “prevailing party” in the context of section 713.29 to the term as it was used in the parties’
 
 *565
 
 contract.
 
 Fixel,
 
 507 So.2d at 699. However, this court noted that the case did not involve Florida Rule of Civil Procedure rule 1.442, and had Fixel availed itself of the protection of that rule, “liability for costs” would have been different.
 
 Id.
 
 This court certified a question to the Florida Supreme Court.
 

 The Florida Supreme Court answered this question in the negative and approved this court’s decision.
 
 Fixel Enterprises, Inc. v. Theis,
 
 524 So.2d 1015, 1016 (Fla.1988). The court agreed with this court that had “Fixel ... made its offer of settlement pursuant to rule 1.442 it would have not been liable for
 
 costs
 
 incurred after making of the offer.”
 
 Id.
 
 at 1017 n. 1 (emphasis added). In its opinion, the court distinguished the case before it from
 
 C.U. Associates,
 
 noting that “[t]he definition of ‘prevailing party’ adopted in
 
 C. U. Associates
 
 was based on the underlying policy of section 713.29 to ‘encourage settlement of disputes before resorting to litigation.’ ”
 
 Id.
 
 at 1017 (quoting
 
 C. U. Associates,
 
 472 So.2d at 1178). The court also noted that the result in
 
 C.U. Associates
 
 was required because to hold otherwise would have defeated the goal section 713.29 was intended to achieve. The court contrasted this to the case before it where “[n]one of these policy considerations are implicated.”
 
 Id.
 
 This conclusion is important because the case before the court pertained to a contractual fees and costs provision while
 
 C.U. Associates
 
 pertained to a statutory fees claim. We read the
 
 Fixel
 
 majority opinion to stand for the proposition that a contractual attorney’s fee provision does not implicate the same policy concerns as a statutory fee provision.
 
 [5]
 

 In
 
 Goode,
 
 the appellee had failed to obtain a judgment greater than 75% of the offer made by appellant pursuant to section 768.79, yet the trial court denied the appellant’s motion for fees and costs and awarded costs to appellee pursuant to section 57.041, Florida Statutes (1991). After concluding that appellant should have been awarded fees and costs under section 768.79, unless the offer was not made in good faith, the Fourth District reversed the trial court’s award of costs incurred after the appellant’s offer was filed, concluding that section 768.79 controlled over section 57.041. 648 So.2d at 248. The court rejected the appellee’s argument that the statutes should be read together to allow both appellee’s recovery of costs through trial and appellant’s recovery of costs from the date of the offer forward. The court reasoned that this “would negate at least part of the penalty which the legislature intended to impose.”
 
 Id.
 

 Goode
 
 involved an apparent tension between two statutory provisions, and the
 
 Goode
 
 court resolved this tension in favor of a result that it concluded made “the best sense out of [the] legislative entanglements.”
 
 Id.
 
 (quoting
 
 Moore v. State,
 
 343 So.2d 601, 604 (Fla.1977)). In the case before us, however, there is tension between a statute and a contractual provi
 
 *566
 
 sion. Because the purpose underlying section 768.79 fees and costs is different than the purpose of a contractual fee and cost provision, this court cannot resort to the canon of statutory construction utilized in
 
 Goode
 
 and is constrained by the admonition of the Florida Supreme Court that it may not extend section 768.79 by construction.
 
 Sarkis,
 
 863 So.2d at 223.
 

 In
 
 Danis,
 
 the Florida Supreme Court addressed a certified question regarding whether the “prevailing party” test of
 
 Moritz v. Hoyt Enterprises, Inc.,
 
 604 So.2d 807 (Fla.1992), applied to an award of attorney’s fees pursuant to sections 627.428 and 627.756, Florida Statutes (1989). 645 So.2d at 421. Section 627.428(1), made applicable to performance bonds written by a surety insurer by section 627.756, provided a one-way-street whereby an insured or beneficiary of an insurance policy could recover attorney’s fees upon obtaining a judgment against an insurer. The public policy behind the fees provision in the statute was “to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies.”
 
 Id.
 
 The statute offered no similar prospect to an insurer and did not require a court to consider whether the insured prevailed on all issues raised. Consistent with the purpose of the statute to discourage insurers from contesting valid claims, the
 
 Danis
 
 court explained “that an insurer or surety relieves itself from further exposure to the insured or beneficiary’s attorney fees at the point in time that the insurer or surety offers in settlement the full amount which the insured or beneficiary would be entitled to recover from the insurer or surety at the time the offer is made”; and “an insured or beneficiary cannot continue to incur attorney fees and costs or accrue interest and have those awarded against the insurer or surety after the insurer or surety has offered the full amount for which it has liability on the date it offers to make the payment.”
 
 Id.
 
 at 422. Tierra relies upon this dicta and contends that the same rule applies here because, at the point the offer was made, it included contractual damages and litigation expenses.
 

 We agree with the trial court that
 
 Danis
 
 is distinguishable because it did not involve competing claims for attorney’s fees based upon two separate and distinct grounds. We adopt the following reasoning of the trial court:
 

 While the approach in
 
 Danis
 
 to deny the ability to recover post-offer attorney’s fees and costs was in harmony with the statutory purposes behind § 627.428, Fla. Stat., that same rationale does not strike the proper balance between the purpose behind contractual provisions that provide for prevailing party attorney’s fees and the purpose behind § 768.79, Fla. Stat. As explained above, the prevailing party continues to have incentive to avoid further litigation in the face of a reasonable offer because any attorney’s fees awarded to the opposing party will diminish the overall recovery for the prevailing party at the conclusion of litigation or, quite possibly, even result in a final judgment against the prevailing party. The sanction under § 768.79, Fla. Stat., still has teeth regardless of whether a prevailing party can recover their post-offer fees and costs. On the other hand, to “cut-off’ all attorney’s fees and costs under the contract provision after a proposal for settlement would severely undermine the prevailing party’s ability to obtain complete indemnification as contemplated by the terms of the contract.
 

 Finally, turning to Tierra’s reliance on
 
 White v. Steak and, Ale of Florida, Inc.,
 
 816 So.2d 546 (Fla.2002), we find
 
 White
 
 distinguishable as it was concerned with
 
 *567
 
 the definition of “judgment obtained” in section 768.79.
 
 White
 
 concluded that “judgment obtained” includes “the net judgment for damages and any attorneys’ fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer,” explaining that “[i]t is this judgment to which the offer must be compared in determining whether to award fees and costs.”
 
 Id.
 
 at 551. The
 
 White
 
 court did reference
 
 Danis
 
 in a footnote stating that “[ajlthough
 
 Danis ...
 
 involved an award of fees under 627.428, we see no reason why this rationale should not apply equally to offers or demands made under section 768.79(6).”
 
 Id.
 
 at 551 n. 5. Again, we agree with the following rationale employed by the trial court in rejecting Tier-ra’s contention that the language of this footnote supports the “cut-off’ argument being made here:
 

 [T]he court in
 
 White
 
 relied on
 
 Danis
 
 only for the proposition that any offer should include attorney’s fees and costs up to the point and time the offer was made. The portion of the
 
 Danis
 
 decision stating that an insurer or surety can relieve itself from any further obligation to pay attorney’s fees and costs by offering the full amount of settlement did not, in any way, factor into the
 
 White
 
 decision. The statement in
 
 White
 
 approving of the reasoning in
 
 Danis
 
 does not extend to every aspect of the
 
 Danis
 
 opinion, nor does it mean that
 
 Danis
 
 should control in every situation that calls for an interpretation of § 768.79.
 

 AFFIRMED.
 

 BENTON, C.J., and WEBSTER, J., concur.
 

 [1]
 

 . The contract specifically provided as follows:
 

 Attorney’s Fees.
 
 In the event of litigation in connection with this Contract, die prevailing party shall be entitled to reimbursement from the other for all costs and expenses incurred in connection therewith, including reasonable attorney’s fees at trial, including without limitation any appeal, and in connection with any bankruptcy.
 

 [2]
 

 . Of the $178,200, Tierra would pay $178,100, and Diamond would pay $100.
 

 [3]
 

 .
 
 See Price v. Tyler,
 
 890 So.2d 246, 252 (Fla.2004) (" ‘costs’ are not generally understood as including
 
 attorneys fees.").
 

 [4]
 

 . Section 45.061, a similar offer-of-judgment statute, was repealed with respect to actions accruing after October 1, 1990. Ch. 90-119, § 22 at 381, Laws of Fla.
 

 [5]
 

 . In concurrence, Justice Grimes noted "that at least some of the policy considerations behind
 
 C.U. Associates
 
 [were] also applicable” in the case before the court, but he supported the majority decision because he was "somewhat apprehensive over the wisdom of the rule adopted in
 
 C.U. Associates,
 
 and [he did] not wish to see it extended to cases involving contractual provisions for attorneys’ fees.”
 
 Fixel,
 
 524 So.2d at 1017 (Grimes, J., concurring). By contrast, Justice Overton explained in dissent "that most all of the policy considerations which [supported the court’s] decision in
 
 [C.U. Associates
 
 were] fully applicable to the circumstances in the” case before the court.
 
 Fixel,
 
 524 So.2d at 1017 (Overton, J., dissenting). Thus, in the dissent’s view, there was "no justifiable reason to distinguish between a provision enacted by statute and a provision incorporated in a contract.”
 
 Id.