HAZOURI, J.
Alberto Rodriguez has filed a second-tier petition for writ of certiorari from an opinion rendered by the circuit court[1] sitting in its appellate capacity. In his petition Rodriguez argued that the circuit court erred in affirming the summary judgment entered in the county court in favor of Government Employees Insurance Company (GEICO). He also asserted the county court erred in failing to award him attorneys’ fees pursuant to section 627.428, Florida Statutes (2009), and further erred in awarding attorneys’ fees to GEICO based upon a proposal for settlement pursuant to section 768.79, Florida Statutes (2009). We find no error in the circuit court’s affirming the county court’s rulings on the motion for summary judgment in favor of GEICO. The county court judge concluded in granting GEICO’s motion for summary judgment that there were no genuine issues of material fact supporting Rodriguez’s claims against GEICO. In affirming the summary judgment the circuit court did not depart from the essential requirements of law resulting in a miscarriage of justice, which is a requirement for our review. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086 (Fla.2010).
On the claims for attorneys’ fees, the circuit court affirmed the lower court’s determination of attorneys’ fees based upon GEICO’s being the prevailing party, the standard set forth in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992). GEICO was awarded $168,386.39. In so ruling, the circuit court departed from the essential requirements of law resulting in a miscarriage of justice.
This case began following Rodriguez’s involvement in a car accident. At the time of the accident he was the owner and holder of a policy issued to him by GEICO. GEICO examined the vehicle and assigned a value to the repairs. Rodriguez elected to have his car repaired at a specific shop, and GEICO issued a payment for the repairs consistent with the estimate. Rodriguez sought additional funds alleging the initial estimate did not include repairs for all of the damages sustained as a result of the accident. GEICO supplemented its estimate and issued another check for the remaining repairs. Subsequently, Rodriguez filed suit against GEICO seeking damages under the policy for negligent repairs made by the body shop, and alleging that GEICO was liable for repairs that were necessary due to the accident, but not contained in either the initial or supplemental estimates.
GEICO moved successfully for summary judgment on the claim for negligent repairs. However, the trial court denied the portion of the motion directed at GEICO’s failure to pay for all of the repairs resulting from the accident.
Thereafter, GEICO filed an amended answer and affirmative defenses, a counterclaim and a third party complaint. Among its various affirmative defenses GEICO alleged that Rodriguez was not the owner of the vehicle, and that he affirmatively misrepresented such ownership to GEICO to procure the recovery of the cost to repair the vehicle from GEICO. GEI-CO alleged that Rodriguez’s conduct was *1044 negligent and fraudulent. Therefore, he was barred from recovery.
In its counterclaim GEICO alleged fraud, conspiracy to commit fraud, and unjust enrichment, and sought refund of the monies paid to Rodriguez for the approved costs of repair.
The parties participated in arbitration ordered by the county court. The arbitrator found a material misrepresentation by Rodriguez associated with an inaccurate assertion of the vehicle’s ownership that barred his recovery. However, the arbitrator found that the misrepresentation did not rise to the level of common law fraud to support GEICO’s claims and therefore Rodriguez did not have to refund payments made by GEICO. Also, the unjust enrichment claims failed because GEI-CO retained Rodriguez’s premiums.
Renewed summary judgment motions followed resulting in a final judgment in GEICO’s favor on the complaint, and in Rodriguez’s favor on the counterclaim. GEICO moved for fees, based upon its $100.00 proposal for settlement, coupled with section 768.79, Florida Statutes. The county court awarded GEICO fees and costs in the amount of $168,386.39. It denied Rodriguez’s comparable motion which was based on section 627.428.
The county court in denying Rodriguez’s claim for attorneys’ fees based on section 627.428 reasoned that no recovery had resulted and no finding of coverage was ever made. This is in direct conflict with the well-established principle that Rodriguez merely needed to obtain a judgment in his favor in order to be entitled to an award of attorneys’ fees. See Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421 (Fla.1994). The failure of the county court judge to award attorneys’ fees “is directly contrary to the mandatory, non-discretionary requirements of law as provided by section 627.428, Florida Statutes.... ” Ramirez v. United Auto. Ins. Co., 67 So.3d 1174, 1175 (Fla. 3d DCA 2011). The circuit court further compounded the error in affirming the county court by using the prevailing party test outlined in Moritz, which defines a prevailing party for entitlement purposes as a party who has prevailed on the significant issues tried before the court.
Application of Moritz is contrary to the Florida Supreme Court’s holding in Danis. The supreme court, addressing a question certified regarding whether the “prevailing party” test of Moritz applied to a fee award sought pursuant to section 627.428[2], concluded that it did not. The supreme court noted that the rationale of Moritz did not apply to section 627.428 but provides a right to attorneys’ fees only for the insured. Id. at 421-22.
Rodriguez further argues that since he is entitled to attorneys’ fees and those attorneys’ fees would have clearly exceeded the $100.00 proposal for settlement, not only is he entitled to attorneys’ fees but also it was error to award GEICO *1045 fees pursuant to its proposal for settlement. We disagree.
The parties’ respective fee awards are mutually exclusive because they involve totally different claims and were based on different statutory provisions. See Tierra Holdings, Ltd. v. Mercantile Bank, 78 So.3d 558 (Fla. 1st DCA 2011). GEICO’s proposal for settlement was strictly limited to Rodriguez’s original complaint concerning insurance coverage. Conversely, Rodriguez’s claim for fees was for successfully defending GEICO’s counterclaim for fraud.
In Tierra, the First District considered whether a proposal for settlement made under section 768.79 cut off a prevailing party’s right to fees under a prevailing party contractual term. Id. at 561. In that case, the prevailing party, Mercantile Bank, was awarded fees under a contractual prevailing party provision, and the other party, Tierra Holdings, Ltd., was awarded its attorney’s fees incurred after the date of its valid proposal for settlement pursuant to section 768.79. Id. Tierra argued that its proposal for settlement cut off Mercantile’s entitlement to fees under the contract which were incurred after the date of the proposal. Id. The First District held that section 768.79 could not defeat or cut off an attorney’s fee award granted under a prevailing party contract provision. Id. at 563 (noting that “nothing in the language of section 768.79 authorizes the modification of a contractual right to attorney’s fees”). The trial court in Tierra determined that Mercantile was entitled to the full amount of its fees and costs for the breach of contract claim in the amount of $232,381.62. It determined that Tierra was entitled to fees and costs of $208,627.95 pursuant to its proposal for settlement. As a result, the trial court awarded Mercantile $23,753.67, the difference between the award of Mercantile’s fees and costs, and the award of Tierra’s fees and costs. Id. at 561.
The circuit court’s application of the prevailing party principle in the determination of attorneys’ fees is a clear departure from the essential requirements of law which resulted in a miscarriage of justice. The county court clearly erred in failing to award attorneys’ fees under section 627.428 based on the misconception that Rodriguez had to recover a money judgment or have a determination of coverage in defending the claim of fraud asserted by GEICO. In its order awarding GEICO attorneys’ fees, the hours used in the calculations began from the proposal for settlement forward. Those hours appear to include time pursuing its claim of fraud against Rodriguez, which would be inappropriate. After the appropriate calculations of fees for Rodriguez and the proper calculation of fees for GEICO there should be a setoff of fees as was done in Tierra. We therefore grant the petition for certio-rari on the issue of attorneys’ fees and remand it to the circuit court sitting in its appellate capacity to apply the correct law in its review of the county court’s order on attorneys’ fees.

Petition granted; reversed and, remanded for further proceedings consistent vnth this opinion.

POLEN, J., concurs.
DAMOORGIAN, J., dissents.

. The circuit court sitting in its appellate capacity consisted of a one-judge panel as opposed to a three-judge panel which is employed in many other circuits.

. Section 627.428, Florida Statutes, provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[[Image here]]
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.