# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-2434, 3D14-1549
Lower Tribunal No. 12-36797

_____

## Citizens Property Insurance Corp.,
Appellant,

vs.

## Ernesto and Rebecca Bascuas,
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Methe & Rockenbach and Kara Berard Rockenbach and Lauren J. Smith (West Palm Beach); Quintairos, Prieto, Wood & Boyer and David Tarlow Asika Patel and Michelle Grosser., for appellant.

Knecht & Knecht and Harold C. Knecht, Jr.; Jorge C. Borron; Margaret B. Reeder (Hobe Sound), for appellees.

Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

In this consolidated appeal Appellant, Citizens Property Insurance Company ("Citizens") seeks review of two orders: (1) an order granting attorney's fees and costs in favor of the insureds, Appellees Ernesto and Rebecca Bascuas ("Bascuas"); and (2) an order denying Citizens' motion for costs. Because Bascuas was entitled to attorney's fees under the express and non-discretionary language of the statute, we affirm the order granting fees and costs to Bascuas. We further hold (and Bascuas properly concedes) that the trial court erred in its order denying costs to Citizens, and reverse that order.

**FACTS**

Bascuas was insured by Citizens in May 25, 2012, when their home was damaged by water escaping from a broken plumbing system. Bascuas notified Citizens of the loss within a few days and Citizens arranged an inspection on May 31. When Citizens' adjuster arrived, Bascuas' driveway and interior flooring had been trenched and the underground plumbing system removed by Arko Plumbing Corporation ("Arko"). After taking a recorded statement from Bascuas, Citizens paid Bascuas approximately $28,000.

In September 2012, Bascuas filed a complaint against Citizens for breach of contract, alleging that the total amount of the loss was more than $330,000 and that Citizens refused to pay all covered losses. Citizens answered the complaint and asserted fraud as one of several affirmative defenses. Citizens also asserted

2

counterclaims for fraud, fraudulent misrepresentation, fraud in the inducement, and unjust enrichment, seeking recoupment of the $28,000 already paid to Bascuas. Although both insureds testified under oath that they had no plumbing problems prior to May 25, 2012 and did not know Arko until the alleged date of loss, Citizens alleged that Arko had actually been to the Bascuas' home prior to May 25. Citizens further alleged that Bascuas met with Arko the day before the reported date of loss to discuss a staged loss.

Immediately prior to trial, Citizens dismissed those counts of its counterclaim alleging fraud, fraudulent misrepresentation, and fraud in the inducement. The case thus proceeded to trial only on Bascuas' breach of contract claim (to which Citizens pleaded an affirmative defense of fraud) and Citizens' counterclaim for unjust enrichment.

The jury returned the following verdicts as to Bascuas' breach of contract claim (for Citizens' failure to pay the total loss of $330,000) and Citizens' unjust enrichment counterclaim (for recoupment of the $28,000 it already paid Bascuas):

**AS TO BASCUAS' CLAIM (BREACH OF CONTRACT):**

1.  Did Plaintiffs prove by the greater weight of the evidence that there was an accidental loss that caused water damage to the Property?

___√___YES                          _____NO

2. Did Citizens prove by the greater weight of the evidence that Plaintiffs intentionally concealed or misrepresented any material fact or circumstance

3

and/or made false statements to Citizens when reporting that an alleged loss occurred on 5/25/2012?

__√__YES                         _____NO

## AS TO CITIZENS' COUNTERCLAIM (UNJUST ENRICHMENT):

1. Did Citizens prove by the greater weight of the evidence that it conferred a benefit on the Bascuases by making payment in the amount of $25,278.43 for the dwelling and $2,200 for additional living expenses and did the Bascuases knowingly accept the benefit?

__√__YES                         _____NO

2. Did Citizens prove by the greater weight of the evidence that it would be unjust for the Bascuases to retain the insurance proceeds Citizens paid prior to suit being filed?

_____YES                         __√__NO

Following the verdict, the trial court entered final judgment in favor of Citizens on Bascuas' complaint for breach of contract and in favor of Bascuas on Citizens' counterclaim for unjust enrichment. Neither party appealed the final judgments; however, both parties moved to tax fees and costs. Citizens sought fees under the offer of judgment statute (section 768.79, Florida Statutes (2012)) and costs under section 57.041, Florida Statutes (2012). Bascuas sought fees under section 627.428(1), Florida Statutes (2012) and costs under section 57.041.

The trial court granted Bascuas' motion for attorney's fees and costs, and denied Citizens' motion for attorney's fees and costs. Citizens appeals the order denying its costs[1] and the order granting Bascuas' fees and costs. Citizens did not appeal that portion of the order which denied its motion for attorney's fees.

Citizens contends that, in light of the jury's determination that Bascuas intentionally concealed or misrepresented a material fact or made a false statement when reporting the loss, the trial court erred in awarding attorney's fees to Bascuas under section 627.428(1), because such an award is contrary to public policy.[2]

We review the issues on appeal *de novo*. Do v. GEICO General Ins. Co., 137 So. 3d 1039 (Fla. 3d DCA 2014).

**ANALYSIS**

Section 627.428(1), Florida Statutes (2014) provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

---

[1] Bascuas properly concedes error in the trial court's denial of costs to Citizens.
[2] Citizens' other argument on this issue is without merit and warrants no further discussion.

The basis for Bascuas' claim of entitlement to fees under section 627.428(1) is not that it was successful on its breach of contract claim, but rather that it successfully defended against Citizens' counterclaim. Citizens alleged in its counterclaim that Bascuas had been unjustly enriched by keeping the $28,000 already paid on the claim. Given the jury determinations, Bascuas was entitled to its attorney's fees under section 627.428(1).

The plain language of section 627.428(1) and the case law applying it, supports Bascuas' position: "Upon the <u>rendition of a judgment</u> . . . against an insurer and in favor of any . . . insured . . . under a policy or contract executed by the insurer . . . the trial court . . . <u>shall</u> adjudge . . . against the insurer and in favor of the insured . . . a reasonable sum as fees . . . ." § 627.428(1) (emphasis added). The final order entered upon that jury determination was a judgment against an insurer and in favor of an insured, triggering Bascuas' entitlement to a reasonable attorney's fee in defending against Citizens' counterclaim. The fact that Bascuas did not obtain a *money* judgment in its favor does not preclude their entitlement to fees. <u>Rodriguez v. Gov't Employees Ins. Co.</u>, 80 So. 3d 1042, 1044 (Fla. 4th DCA 2011). The failure to award fees under these circumstances would have been "directly contrary to the mandatory, non-discretionary requirements of law as provided by section 627.428. . . ." <u>Ramirez v. United Auto. Ins. Co.</u>, 67 So. 3d 1174, 1175 (Fla. 3d DCA 2011).

The jury determined, contrary to Citizens' counterclaim, that Bascuas had not been unjustly enriched and that Citizens was not entitled to recoup the $28,000 it had already paid Bascuas on the claim. We do not and cannot know why the jury found Bascuas had not been unjustly enriched, but the jury nevertheless made such a determination in its verdict interrogatory, together with its determination (on Bascuas' breach of contract claim) that Bascuas intentionally concealed or misrepresented a material fact or circumstance, or made false statements to Citizens when reporting that a loss occurred on May 25, 2012.[3] Citizens contends that, notwithstanding the existence of a judgment in favor of Bascuas on the counterclaim, the trial court erred in awarding fees to Bascuas under section 627.428(1) because such an award of fees is contrary to public policy, namely: (1)

---

[3] Though not explicit, Citizens' argument at the very least implies that these two jury determinations are inconsistent and cannot legally co-exist. Citizens necessarily contends that, given the jury's breach of contract verdict finding that Bascuas made a false statement or material misrepresentation, Citizens was entitled as a matter of law to a judgment in its favor on its unjust enrichment counterclaim as well. In other words, the argument goes, a finding that Bascuas made a material misrepresentation or false statement should have resulted in a judgment in Citizens' favor not only on Bascuas' complaint for breach of contract, but also on Citizens' counterclaim for unjust enrichment. If this be so (and we do not reach the merits of such a contention), it was incumbent upon Citizens to raise and properly preserve this issue by an objection to the verdicts before the jury was discharged to give the jury, upon proper additional instructions, an opportunity to cure any claimed error. See Coba v. Tricam Indus. Inc., 164 So. 3d 637 (Fla. 2015); J.T.A. Factors, Inc. v. Philcon Servs., Inc., 820 So. 2d 367 (Fla. 3d DCA 2002). Citizens did not object to the jury the verdicts as inconsistent. And, as noted earlier, Citizens dismissed the three fraud counts of its counterclaim prior to trial.

7

Florida's public policy against material misrepresentations during the claims process; and (2) the public policy behind section 627.428, which is to discourage insurers from contesting valid claims.

This Court has already spoken to this issue and has made clear that "we believe that modification of [section 627.428] to address false statements by an insured is best left to the legislature." Mercury Ins. Co. of Fla. v. Cooper, 919 So. 2d 491, 493 (Fla. 3d DCA 2005). Citizens seeks the very same remedy requested by the appellant in Cooper and rejected by our opinion in that case: "a judicially crafted exemption to section 627.428(1) in cases where there is insurance fraud." Id. While Citizens' argument may be persuasive to support a change in this area of the law (to allow for a fraud exception), we reaffirm that such a change must be effectuated legislatively, not judicially.

Regardless of what we might surmise as the reasons for the jury's determinations, this much is clear: A judgment was entered in favor of Bascuas on Citizens' counterclaim, satisfying the provisions of section 627.428(1) that there be a "rendition of a judgment . . . against an insurer and in favor of any . . . insured . . . under a policy or contract executed by the insurer. . . ." Bascuas was therefore entitled to attorney's fees for the successful defense of, and favorable judgment on, Citizens' counterclaim, and the trial court properly awarded attorney's fees and costs to Bascuas.

Finally, and as Bascuas properly concedes, the trial court erred in failing to grant Citizens its costs under section 57.041 because Citizens prevailed on Bascuas' breach of contract claim.[4]

We affirm the trial court's order awarding attorney's fees to Bascuas based upon the judgment rendered in Bascuas' favor on the unjust enrichment counterclaim. We reverse the trial court's order denying Citizens' motion for costs based on the judgment in Citizens' favor on the breach of contract claim, and remand for further proceedings consistent with this opinion.

---

[4] Section 57.041(1), Florida Statutes (2012) provides in pertinent part: "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment. . . ." A trial court has no discretion to deny lawful court costs to the party recovering judgment. Higgs v. Klock, 873 So. 2d 591 (Fla. 3d DCA 2004).