# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4057
_____

ROSELLA WILCOX,

   Appellant,

   v.

MICHAEL NEVILLE,

   Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Stanley H. Griffis, III, Judge.

October 30, 2019

LEWIS, J.

   Appellant, Rosella Wilcox, appeals the trial court's order denying her motion for attorney's fees and costs filed pursuant to section 768.79, Florida Statutes (2015), and Florida Rule of Civil Procedure 1.442, both of which address offers of judgment. Appellant argues that the trial court erred by interpreting the term "postoffer settlement" in section 768.79(6) to mean settlement after the time for accepting the offer expires. For the reasons that follow, we agree and reverse.

## BACKGROUND

   Appellant filed a complaint against Jason Neville and Appellee, Michael Neville, for damages based on a 2015 motor

vehicle collision, alleging that she was struck and injured by a vehicle that was owned by Jason and was negligently operated by Appellee. On May 2, 2017, Appellant filed a separate notice of serving a proposal for settlement ("PFS") as to each defendant pursuant to section 768.79 and rule 1.442. On May 17, 2017, Jason filed a notice of acceptance of Appellant's proposal to resolve her claim against him for $60,400. Appellant, in turn, dismissed her claim against Jason. Appellee allowed the proposal for settlement to expire and the parties proceeded to trial. The jury returned a verdict for Appellant in the amount of $126,592.33.

Appellant moved for an award of attorney's fees and costs pursuant to section 768.79 and rule 1.442. The parties agreed that Appellee was entitled to set-offs for Personal Injury Protection ("PIP") benefits and the settlement with Jason, and they agreed on the amount of the final judgment to be entered for Appellant. They disagreed, however, about Appellant's entitlement to attorney's fees based on their divergent interpretation of the phrase "postoffer settlement" in section 768.79(6). Specifically, the disputed issue was whether Jason's acceptance of Appellant's proposal for settlement constituted a "postoffer settlement" that should be added to the net judgment under section 768.79(6).

The trial court explained in its order on the motion that the net judgment was $58,865.73, which resulted from deducting the $60,400 settlement with Jason and the $7,326.60 PIP benefits from the $126,592.33 verdict. If Jason's settlement was added back to the net judgment as a "postoffer settlement," the judgment obtained would be $119,265.73, which "figure would exceed $112,000.00, which is 25% more than the $89,600.00 PFS offered to [Appellee], thereby entitling [Appellant] to statutory fees and costs." The court found, however, that Jason's settlement during Appellee's thirty-day acceptance period was not a postoffer settlement and reasoned:

> The entire statute must be read together. The Florida Legislature intended every PFS to remain open and valid for an opposing party's consideration a full 30 days. Plaintiff's position would eliminate the 30 day consideration period required by section 768.79(1), Fla. Stat. Taken literally, Plaintiff's proposed rule would bar

a similarly situated Defendant from the statutory opportunity to evaluate a co-defendant's decision to accept or reject another PFS during the same 30 day statutory period.

Accordingly, the trial court denied Appellant's motion for attorney's fees and costs and entered a final judgment against Appellee in the amount of $58,865.73. This appeal followed.

## ANALYSIS

Our review of a trial court's ruling on a motion for attorney's fees and costs filed pursuant to section 768.79 is *de novo*. *Tierra Holdings, Ltd. v. Mercantile Bank*, 78 So. 3d 558, 561 (Fla. 1st DCA 2011). We likewise review a trial court's interpretation of a statute *de novo*. *Id*. The polestar of statutory interpretation is legislative intent, which is to be determined by first looking at the actual language used in the statute. *Searcy, Denney, Scarola, Barnhart & Shipley v. State*, 209 So. 3d 1181, 1189 (Fla. 2017). If the statutory language is clear and unambiguous, we may not resort to the rules of statutory construction and must give the statute its plain and obvious meaning. *Id*. We must give effect to all parts of the statute and avoid readings that would render a part thereof meaningless. *Id*. We may not construe a statute in a way that would extend, modify, or limit its express terms or its reasonable or obvious implications. *Id*. The statute's plain meaning must control, unless it leads to an unreasonable result or a result that is clearly contrary to legislative intent. *Id*.

Section 768.79(6), Florida Statutes (2015), provides in pertinent part as follows:

(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

. . . For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.

The purpose of section 768.79 is to encourage the settlement of lawsuits. *White v. Steak & Ale of Fla., Inc.*, 816 So. 2d 546, 550 (Fla. 2002). The language of section 768.79 and rule 1.442 must be strictly construed because they are in derogation of the common law rule that parties pay their own fees. *Tierra Holdings, Ltd.*, 78 So. 3d at 563 (adding that because an award pursuant to the statute serves as a penalty, the strict construction rule must be applied in favor of the party against whom the penalty is imposed). An offer that complies with section 768.79 and rule 1.442 creates a "mandatory right" to collect attorney's fees, unless the offer is made in bad faith. *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 856 (Fla. 2016). Pursuant to section 768.79(6), a party's entitlement to attorney's fees depends on the judgment obtained, not the jury's verdict, and that entitlement is for "post-offer attorney's fees and costs." *White*, 816 So. 2d at 550-51. "Proposals for settlement are governed by the rules for interpretation of contracts." *Arnold v. Audiffred*, 98 So. 3d 746, 748 (Fla. 1st DCA 2012), *approved in Audiffred v. Arnold*, 161 So. 3d 1274 (Fla. 2015).

The Legislature did not define the phrase "postoffer settlement" or the term "postoffer" in section 768.79(6), the interpretation of which is at issue in this appeal. As such, we turn to the dictionary definition. *See W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 9 (Fla. 2012) (explaining that the plain meaning of the statute's text may be discerned from a dictionary). "Post" has been defined as "after." *Post*, BLACK'S LAW DICTIONARY (11th ed. 2019). The definition of "offer" is as follows:

> 1. The act or an instance of presenting something for acceptance; specif., a statement that one is willing to do something for another person or to give that person something . . . .
> 2. A promise to do or refrain from doing some specified thing in the future, conditioned on an act, forbearance, or return promise being given in exchange for the promise or its performance; a display of

4

willingness to enter into a contract on specified terms, made in a way that would lead a reasonable person to understand that an acceptance, having been sought, will result in a binding contract . . . .

*Offer*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Arnold*, 98 So. 3d at 748 (quoting the second part of Black's Law Dictionary's definition of "offer" in the context of section 768.79); *Settlement offer*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "settlement offer" as "[a]n offer by one party to settle a dispute amicably (usu. by paying money) to avoid or end a lawsuit or other legal action"). *Cf. Acceptance*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "acceptance" as "[a]n offeree's assent, either by express act or by implication from conduct, to the terms of an offer in a manner authorized or requested by the offeror, so that a binding contract is formed"); *Settlement*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "settlement" in part as "[a]n agreement ending a dispute or lawsuit").

Consequently, we find the plain meaning of "postoffer" to be after the offer; that is, after the act of presenting something for acceptance or displaying a willingness to enter into a contract on specified terms. As such, we interpret "postoffer settlement" to mean settlement reached any time after the service of the offer.

We are unpersuaded by Appellee's argument that if the Legislature did not intend to make a distinction between an offer that is accepted within the thirty-day acceptance period and an offer that is accepted after that period, then it would have simply used the term "settlement" as there would have been no need to reference "postoffer settlement." The term "postoffer" is not superfluous—it excludes pre-offer settlements. Had Appellant reached a settlement with Jason before making an offer to Appellee, that settlement amount would not have been included in calculating the judgment obtained. While this issue is one of first impression, *White* supports our interpretation. There, the Florida Supreme Court used the term "pre-offer taxable costs" to mean taxable costs incurred up to the date of the offer and explained that section 768.79(6)—which provides for an award of costs and fees incurred "from the date the offer was served"—entitles a party to

recover its "post-offer attorney's fees and costs." *See White*, 816 So. 2d at 548-51.

In finding that a co-defendant's settlement during the thirty-day acceptance period is not a postoffer settlement, the trial court reasoned that the entire statute must be read together and a contrary interpretation would eliminate the statutory requirement that every offer remain open for consideration for a full thirty days. Appellee makes the same argument on appeal. However, that interpretation not only ignores and modifies the plain language of section 768.79(6) as we just discussed, but it is also based on faulty reasoning. While the statute provides the offeree with thirty days to accept an offer, it allows the offeror to withdraw the offer any time before a written acceptance is filed. § 768.79(1), (4), (5), Fla. Stat.; *see also* Fla. R. Civ. P. 1.442(e), (f)(1) (providing that a proposal may be withdrawn in writing before a written acceptance is delivered and "[a] proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal"). Rule 1.442 additionally provides that "[i]n any case in which the existence of a class is alleged, the time for acceptance of a proposal for settlement is extended to 30 days after the date the order granting or denying certification is filed." Fla. R. Civ. P. 1.442(f)(2). Given such, the thirty-day period is not immutable and may be shortened (or lengthened). Regardless, that period pertains to the acceptance of an offer, not to the making of an offer. There must be "acceptance" of an "offer" for there to be a "settlement agreement"—these are not interchangeable concepts. *See, e.g.*, § 768.79, Fla. Stat.

Further, interpreting "postoffer" literally to mean "after the offer" does not eliminate the thirty-day acceptance window. A co-defendant's acceptance of an independent offer has no bearing on the defendant's acceptance period. Jason's acceptance of Appellant's offer had no effect on Appellee's acceptance period. Appellant's offer to Appellee remained open and valid until it was deemed rejected due to his failure to accept it within thirty days; during that period, he could have accepted the offer or she could have withdrawn it. While a plaintiff's settlement with a co-defendant likely factors into a defendant's decision on whether to accept an offer, it has no bearing on the options and timeframes available to him.

6

Thus, the clear and unambiguous language of section 768.79(6) requires the judgment obtained to include the amount of any settlement by a co-defendant after the date of service of the offer on the defendant by which the verdict was reduced. Here, it is undisputed that Appellant reached a $60,400 settlement with Jason after serving her offer on Appellee and the verdict was reduced by that amount. Accordingly, the trial court was required to add the $60,400 settlement amount to the net judgment in calculating the judgment obtained and determining Appellant's entitlement to fees.

## CONCLUSION

Based upon the foregoing, we reverse the trial court's order denying Appellant's motion for attorney's fees and costs and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

OSTERHAUS and KELSEY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Rebecca B. Creed and Daniel Mahfood, Creed & Gowdy, P.A., Jacksonville, for Appellant.

Matthew C. Scarborough, Scarborough Attorneys at Law, Tampa, for Appellee.

7