SAMANA INC., Plaintiff,

v.

Irina LUCENA, et al., Defendants.

Case No. 15–23948–CIV–WILLIAMS

United States District Court,
S.D. Florida.

Signed January 4, 2016

Entered January 6, 2016

Gustavo J. Garcia–Montes, Esq., Gustavo J. Garcia–Montes, P.A., Miami, FL, for Defendants.

Daniel E. Vielleville, Esq., Cristina Vicens Beard, Esq., Assouline & Berlowe, P.A., Miami, FL, for Plaintiff.

### ORDER

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court on Defendants Irina Lucena and Samana I, Inc.'s motion to dismiss Counts III, IV, and VI (DE 15), to which Plaintiff filed a response in opposition (DE 22) and Defendants filed a reply (DE 24). For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

Defendants have moved to dismiss Count III alleging negligence. In the complaint, Plaintiff asserts that the Defendants owed Plaintiff a duty to act in accordance with the terms of an oral contract made between the Parties. Defendant contends that Plaintiff's negligence claim is barred as a matter of law by the economic loss rule. (DE 15 at 4–5). Plaintiff counters that pursuant to the Florida Supreme Court's ruling in *Tiara Condominium As-*

sociation, Inc. v. Marsh & McLennan, Companies, Inc., 110 So.3d 399, 407 (Fla. 2013), the economic loss rule applies only in the products liability context and does not bar Plaintiff's negligence claim. Recently, the Eleventh Circuit stated that Tiara "may have left intact a separate hurdle, namely that a party still must demonstrate that the tort is independent of any breach of contract claim. While the exact contours of this possible separate limitation, as applied post Tiara, are still unclear, the standard appears to be that where a breach of contract is combined with some other conduct amounting to an independent tort, the breach can be considered negligence." Lamm v. State Street Bank and Trust, 749 F.3d 938, 947 (11th Cir.2014) (internal citations and quotations omitted). "Because the law is still somewhat unsettled in this area," the Court will defer addressing whether this doctrine bars Plaintiff's negligence claim until the record is more developed. See id.; see also Kolmat Do Brasil, LDTA v. Evergreen United Investments, LLC, No. 14–81320–CIV, 2015 WL 3606277, at *4 (S.D.Fla. June 8, 2015).

 Defendants have also moved to dismiss Count IV, a claim for unjust enrichment. Defendants contend that the unjust enrichment claim must be dismissed because Plaintiff has asserted that an express contract exists. Under Florida law, " 'a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.' " 1021018 Alberta Ltd. v. Netpaying, Inc., 2011 WL 1103635, at *5 (M.D.Fla. Mar. 24, 2011) (quoting Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So.2d 696, 697 (Fla.Dist.Ct.App.2008) (collecting cases)); see also Zarrella v. Pac. Life Ins. Co., 755 F.Supp.2d 1218, 1227 (S.D.Fla.2010). Rule 8 of the Federal Rules of Civil Procedure specifically authorizes a plaintiff to plead causes of action in the alternative, and Florida courts have found that a party may plead in the alternative the existence, and breach, of an express contract and an unjust enrichment claim. See Martorella v. Deutsche Bank Nat. Trust Co., 931 F.Supp.2d 1218, 1227–28 (S.D.Fla.2013) (collecting cases). This is in part because "it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails." Id. Accordingly, "[u]ntil an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature." Because Defendants have denied the existence of any express contract between the Parties, (See DE 16, 17), the Court concludes that Plaintiff may properly plead a breach of contract claim and, in the alternative, an unjust enrichment claim.

 Finally, Defendant has moved to dismiss Plaintiff's equitable accounting claim. Recently, the Eleventh Circuit clarified the circumstances where a plaintiff is entitled to an accounting under Florida law, stating that when a fiduciary relationship exists between the parties, "an accounting is appropriate in every case." Zaki Kulaibee Establishment v. McFliker, 771 F.3d 1301, 1310–11 (11th Cir.2014). Consequently, the Court finds that because Plaintiff has alleged that the Parties had a fiduciary relationship, the Plaintiff may properly state a claim for equitable accounting.

For the foregoing reasons, Defendants' motion to dismiss (DE 15) is **DENIED**. Defendants shall file an answer to Counts III, IV, and VI within 14 days of the date of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 4th day of January, 2016.